## JONES'S ADMINISTRATOR *v.* CRAIG.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 235. Submitted April 18, 1888. — Decided April 30, 1888.

A brought ejectment against B. B thereupon filed a bill in equity, (which was subsequently amended,) to remove a cloud from the title, setting up that the deed under which A claimed was a mortgage, with a written

contract of defeasance. A demurred. Upon hearing on the demurrer it was ordered that if B should, within fifteen days, bring into court the amount due on the mortgage, and interest, and all taxes paid by A, etc., A should be restrained from further prosecution of the ejectment suit; but that if he should fail to do so within that time, the bill should be dismissed and the defendant allowed to proceed with the suit. *Held*,

(1) That this order, made upon hearing of a demurrer to a bill in chancery, was wholly irregular; but,

(2) That this court was without jurisdiction as the order was not a final decree.

IN EQUITY. The case is stated in the opinion.

*Mr. G. E. Pritchett* for appellants.

*Mr. W. J. Connell* for appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

The appellants here, Henry O. Jones and John Jort, brought their bill in chancery against Walter Craig, the defendant, in the Circuit Court of the United States for the District of Nebraska.

The object of the bill was to remove a cloud upon the title to certain lands. The defendant had brought an action of ejectment to recover the possession, and, having a *prima facie* title of record upon which he could recover, this bill was filed for the purpose of setting up an equitable defence. Thereupon a temporary injunction was allowed, restraining Craig from prosecuting his action of ejectment until the chancery suit was decided.

The allegation of the bill was, that a deed under which the plaintiff in the ejectment suit asserted title was executed as a mortgage, with a written contract of defeasance when the money loaned should be repaid. To this bill a demurrer was filed, upon which the court made an order in the following language:

"If the plaintiff will amend bill and bring into court proper amount of money to redeem and pay taxes, all of same to bear interest from time money was due, and interest on taxes from date of payment at present rate of interest, then perpetual

injunction can be allowed. Costs of both suits to abide further order."

Afterwards the plaintiffs did file an amended bill, to which likewise there was a general demurrer. Upon the hearing of that demurrer the court made the following order:

" Henry O. Jones et al. ⎱
        *v.*      ⎰ 193—H.
   Walter Craig. ⎰

" This cause coming on to be heard upon the demurrer of the defendant to the amended bill of complaint filed herein, and the court being fully advised in the premises, it is ordered that if within fifteen days the plaintiff bring into court the amount of the note and mortgage set forth in the bill of complaint, with interest thereon from the time the note became due, with interest thereon at ten per cent per annum until November 1, 1879, and from November 1, 1879, to date of this order, at seven per cent per annum, together with all taxes paid by defendant upon the land described in said bill, with interest thereon at ten per cent per annum, then the defendant be restrained from the further prosecution of the cause in ejectment set forth in said bill of complaint, and entitled *Walter Craig* v. *Henry O. Jones ;* but if the plaintiff shall fail so to do within the time mentioned, the said demurrer to said bill be sustained and the said bill of complaint be dismissed, and the defendant herein be allowed to proceed with the prosecution of his said action at law. To the ruling and decision of the court the plaintiffs except."

This order, made upon the hearing of the demurrer, to a bill in chancery, is wholly irregular.

This court, however, has no jurisdiction of the case as it stands, because the order just cited is not a final decree. Something yet remains to be done in order to make it such, and that action depends upon whether or not the complainants will comply with the order to bring in the sum due on the mortgage. If that order is complied with, then a decree should be made, upon the hypothesis on which the order was made, in favor of the complainants in the bill, and quieting their title. If, however, the money is not brought into court,

then, according to the theory of the order, the bill of complaint should be dismissed. But, even assuming the right of the court to make the order, as well as its validity, the circumstances under which the bill of complaint is to be dismissed or the relief granted to the complainants named therein, and the sum to be paid, are matters which are yet to be determined, which may turn out either one way or the other, and which, when ascertained, will be the foundation for a final decree. There is no final decree as the matter now stands.

*The appeal is therefore dismissed, and the case remanded to the Circuit Court for further proceedings.*