In the Mattter of the Probate of the Last Will and Testament of GEORGE A. BARTHOLICK, Deceased.

The provision of the Code of Civil Procedure (§ 2622) requiring a surrogate, before admitting a will to probate, to "inquire particularly into all the facts and circumstances," and that he "must be satisfied of the genuineness of the will and the validity of its execution," applies equally to wills of real and of personal property, and the same proof is required as to each upon the questions stated.

When, upon presentation for probate of an instrument purporting to be a will of real and personal property, the question as to its genuineness and the validity of its execution is properly presented by a person having the right to raise it in some capacity, it is the right and duty of the surrogate to wholly refuse probate if he becomes satisfied and finds that the testator had not mental capacity to make a will, or that the instrument offered for probate was obtained by fraud and undue influence; he is not required to admit it as a will of personal property, although the only person contesting the probate is interested solely as heir at law, and is not one of the next of kin.

*In re Kellum* (50 N. Y. 298), distinguished.

Upon presentation of such an instrument for probate the only contestant was K., a grandniece of the testator, who filed objections charging fraud, undue influence and mental incapacity; all others interested acquiesced in its probate. The surrogate decided in favor of the probate, and the instrument was proved as a will of real and personal estate. K. alone appealed; she described herself in the notice of appeal as an heir at law, but appealed "from each and every part of the decree." The General Term reversed the decree, stating that the reversal was on a question of fact, and ordered a new trial before a jury, upon the questions as to whether the testator was of unsound mind when the will was executed, and whether it was procured by undue influence, fraud or deceit. Both these questions the jury, upon

sufficient evidence, answered in the affirmative. The surrogate was. requested to confine his decree to a refusal to admit the instrument to. probate as a will of real estate, leaving the probate to stand as a will of personalty; this he refused, and entered a decree adjudging it to be· wholly invalid, and revoking the former probate. *Held*, that this court, on appeal from an order of General Term affirming the last decree, had; no power to review the first order of that court; and that as that order reversed the whole decree admitting the will to probate, and as the surrogate had found the will not duly executed, this prevented its probate for any purpose whatever.

The surrogate attached to the last decree, but not as forming part of it, a memorandum, to the effect that he entered it as made because the General Term had reversed the former decree wholly, without limiting the· reversal to the probate of the will as a will of real estate, and he, therefore, considered himself precluded from so limiting the decree. *Held*,. that this was immaterial, and in no way affected the decree.

(Argued January 18, 1894; decided January 30, 1894.)

APPEAL from judgment of the General Term of the Supreme· Court in the fifth judicial department, entered upon an order made January 18, 1893, which affirmed a decree of the Surro-, gate's Court of Monroe county denying probate to the last will and testament of George A. Bartholick, deceased.

George A. Bartholick died in Monroe county in July, 1888,. leaving an alleged will which related to real and personal estate. Charles Flaherty was named as a legatee in and as one of the executors of the will. The testator left him surviving· his widow, Julia A. Bartholick, a brother, Joshua Bartholick, and a granddaughter of a deceased sister, being his grandniece, Mrs. Luisita B. Kirley. These were all the persons entitled as heirs at law or next of kin to any share in the estate of the testator.

The executor presented the will for probate to the surrogate of Monroe county, and the above-named parties were all duly cited and appeared. Mrs. Kirley filed objections to the probate cf the will, and charged fraud, undue influence and mental incapacity. All the others acquiesced in its probate. The surrogate decided in favor of the proponent, and the will was,. in March, 1889, proved as a will of real and personal estate. Mrs. Kirley alone appealed to the General Term of the

Supreme Court, and in the body of the notice of appeal she is described as one of the heirs at law of the deceased, but she appealed "from the decree entered herein on the 18th day of March, 1889, and from each and every part thereof." In January, 1891, the General Term reversed the judgment of the surrogate admitting the will to probate, and stated that it was reversed on a question of fact, and granted a new trial to be had before a jury upon the questions (1) whether the testator was of unsound mind when the will was executed, and (2) whether the will was procured by undue influence, circumvention, fraud or deceit.

These questions were then tried before a jury, who answered them both in the affirmative, and upon evidence which is admitted to have been sufficient to justify the finding that the instrument was procured by fraud and undue influence on the part of the executor and another person, who was also named as a legatee in the instrument. The papers were then certified to the surrogate, and a proposed decree was presented in which the proponent desired to have inserted such language as would confine the decree of the surrogate then to be entered to a refusal to admit the will to probate as a will of real estate only, leaving the probate of the will to stand as a will of personalty. The surrogate, however, entered a decree adjudging and decreeing that the will dated June, 1888, was invalid and of no effect, and revoking and setting aside the former record and probate of the instrument.

The surrogate added at the foot of his decree (not to form a part of it, but to be filed with the papers at the request of counsel for proponent) a statement that he entered the decree in the form mentioned because the Supreme Court had reversed the former decree entered by the surrogate without limiting the reversal to the probate of the will as a will of real estate, in which the contestant, the grandniece, was alone interested, and he considered he was, therefore, precluded from limiting the decree to the real estate only, as requested by counsel. The counsel for proponent filed exceptions to the decree as entered, and then appealed to the General Term,

where the decree was affirmed, and the proponent now appeals to this court.

*J. W. Stebbins* for appellant. In a will of both realty and personalty each kind of property retains its distinctive character, and is governed by the law peculiar to it, as much as though in separate instruments; neither is, nor can be affected by the law governing the other though in the same instrument. The title to the personalty passes to the executor or administrator in trust and through him on final settlement to the next of kin, widow or legatee. The title to the realty passes directly to the heir at law or devisee subject to the right of dower (if there be a widow) which passes in the same manner. (*In re Kellum*, 50 N. Y. 298; 6 Lans. 1, 168; *In re Gourand*, 95 N. Y. 260; *Hoyt* v. *Hoyt*, 112 id. 505.) If the decision of the General Term is to be held as reversing the probate of the will as to the personalty as well as the realty, then the General Term erred. (50 N. Y. 298.) The General Term erred in that part of its order of January 6, 1891, ordering a trial by jury at the Circuit, instead of sending the case back to the surrogate for re-trial. (*In re Latz*, 110 N. Y. 661; *Roe* v. *Boyle*, 81 id. 305; *Sutton* v. *Ray*, 72 id. 482; *Holcomb* v. *Holcomb*, 95 id. 316; *In re Eysaman*, 121 id. 577.) Though devisees or legatees may appear on the probate of a will, they cannot be heard to support or oppose the probate except in support of their interests. (Dayton on Surrogates, 159; *In re Malcolm*, 1 Redf. 200.)

*J. A. Stull* for respondent Kirley. It is both the policy of the law and requirement of the statute that no instrument shall be admitted to probate as a will unless the court is satisfied of its " genuineness " and the " validity of its execution " (Code Civ. Pro. § 2622); that it was " duly executed " and " that the testator, at the time of executing it, was in all respects competent to make a will and not under restraint." (Code Civ. Pro. § 2623; *Cooper* v. *Benedict*, 3 Bradf. 136; *Delafield* v. *Parish*, 25 N. Y. 34.) But there were in fact before the court in this proceeding, objecting to the probate

of the alleged will in question, persons of the classes described in section 2617 of the Code of Civil Procedure, and who, therefore, had a right to be there and oppose the probate, and for that reason, also, the judgment appealed from was correct. (*Merrill* v. *Ralston*, 3 Redf. 290 ; *In re Greeley*, 13 Abb. [N. S.] 399.) This appeal, for the purpose for which it was brought, comes too late. If there has been any error in the proceedings herein in respect to the sole point complained of, such error was contained in the order of reversal made by the General Term, Supreme Court, on the former appeal, and that order should have been appealed from directly to the Court of Appeals if proponent did not intend to waive the point he now makes. (Code Civ. Pro. § 90, subd. 2.)

*George F. Yeoman* for respondents Allen et al. Where a judgment is entered which is not in accordance with the verdict or decision upon which it is based, the remedy is not by appeal. (*Waterman* v. *Ball*, 64 How. Pr. 368, 377, 378 ; *Bennett* v. *Couchman*, 48 Barb. 73.) The order of the General Term cannot be reviewed upon this appeal, although the notice of appeal says that it is intended to review it here. (Code Civ. Pro. § 2571; *Wiener* v. *Morange*, 7 Daly, 446.) The order of the General Term was right as to reversing as to all parties. (Code Civ. Pro. §§ 2573, 2586, 2587; *Burger* v. *Burger*, 111 N. Y. 527; *Clayton* v. *Wardell*, 2 Bradf. 1; Herman on Estoppel & Res Adjudicata, § 293 ; Freeman on Judgments, §§ 607, 608; Black on Judgments, § 635 ; *Woodruff* v. *Taylor*, 20 Vt. 65 ; *Bogardus* v. *Clark*, 4 Paige, 623.) These administrators are given the right to intervene for the purpose of appealing, although they do not file objections. (Code Civ. Pro. § 2569.)

PECKHAM, J. In providing for the distribution of the personal estates of intestates the statute prohibits any representation among collaterals after brothers' and sisters' children. (2 R. S. 96, sec. 75, subdiv. 11.) It is, therefore, claimed that Mrs. Kirley had no right to appeal from the first decree of the surrogate, so far as that decree admitted the instrument

to probate as a will of personal property. In fact she did appeal from the whole decree. We do not think it necessary, in this case, to go back of the reversal by the General Term of the decree of the surrogate admitting the will to probate and directing the trial of the issues of fact by a jury. The General Term had jurisdiction of the case by virtue of the appeal. If the court acted erroneously in reversing the probate of the instrument as a will of personal property, it did not act without jurisdiction, and its order, even though erroneous in that respect, was not void. At the worst it was an error of law, and if inadvertent merely the proponent could have moved in that court to correct the form of the decree by limiting it to real estate, or in either event he could have appealed to this court. Although we cannot review an order of the General Term reversing on the facts a decree of the surrogate admitting a will to probate and directing a trial by jury, yet, if in such an order an error of law is made, that error can be corrected by appeal. (*Sutton* v. *Ray*, 72 N. Y. 482; *Burger* v. *Burger*, 111 id. 523.)

Having gone down and tried the whole case before the jury, and the surrogate having entered the decree upon that verdict, refusing probate of the instrument, and the General Term having affirmed it, the proponent cannot on this appeal from the last order of the General Term review its first order under a claim that it is an intermediate one, necessarily affecting the order last appealed from. (*Matter of Will of Budlong*, 126 N. Y. 423.) The section of the Code pertaining to appeals from surrogates' decrees (§ 2571) has the same purpose as those sections (§§ 1316, 1317) which relate to appeals from orders and judgments in other courts. Having jurisdiction the Supreme Court reversed the whole decree of the surrogate on questions of fact and directed the trial of the issues by jury. The criticisms of counsel upon the reasons given by the General Term for a reversal are not material. The court does reverse the surrogate's decree upon a question of fact. It says so in its order of reversal. We are concluded by it.

Coming down to the trial before the jury we find the result of that trial to be in favor of the contestant. With the answers of the jury to the questions propounded, the parties appeared before the surrogate and he was then called upon to enter the appropriate decree. These answers show that the will was procured by fraud, undue influence and deceit on the part of the executor and another person also a legatee, and that at the time of the execution thereof the testator was of unsound mind and memory and was incapable of making a will. The finding of the jury, standing as it did in full force, was the exact equivalent to a finding by the surrogate to the same effect. Upon such a finding based upon evidence legally taken has the surrogate any legal right to admit a will to probate for any purpose? The statute directs that the surrogate before admitting a will to probate must inquire particularly into all the facts and circumstances and must be satisfied of the genuineness of the will and the validity of its execution. (Code of C. P. § 2622.) The same proof is required in regard to wills of both real and personal estate upon the question stated in the above section. When the question is properly raised by a party having the right to raise it in some capacity, and where, upon the investigation which succeeds, the surrogate becomes satisfied and finds that the testator had not mental capacity to make a will, and that the instrument offered for probate was obtained by fraud and undue influence, we think the surrogate has the right, and that it is his duty, to wholly refuse to probate such an instrument, even though the contestant who prosecutes the controversy is only interested as an heir at law and is not one of the next of kin. The finding necessarily shows that no will was ever executed according to law, and the surrogate is not obliged to stultify himself by admitting the will to probate as a will of personal property only, because of the absence of some one contesting such probate as next of kin. There was a valid contest by one who had a legal standing in court, and upon that contest the fact appeared that the alleged testator was incapable of making any will, on the ground of mental incapacity. The

surrogate's duty under the statute is to inquire and become satis-. fied of the existence of the necessary facts, and having that right and duty, if he become satisfied and finds as is herein stated, he ought to refuse probate of the instrument for any purpose.

This is not the same as the case of *In re Kellum* (50 N. Y. 298). There the will relating to both real and personal estate had been duly admitted to probate, and as a will of personal estate the probate was conclusive. The surrogate's judgment had never been reversed. But by the provisions of the Revised Statutes (2 R. S. 61, §§ 30 to 39) the next of kin were permitted within one year after the probate to contest the validity of the will as a will of personal property. It was held by this court that the statute applied in the case of a will which related to both real and personal property, and that the next of kin might within the year contest such will as one of personal property, while the probate of the instrument as a will of real property would stand unaffected by such contest or its result. The terms of the statute limited the contest to one regarding the will as relating to personal estate only, and hence the probate already duly made and existing as relating to real estate was not to be affected. In this case the Supreme Court set aside and reversed the whole decree, and the surrogate, upon a proper contest prosecuted by one having a standing in court and an interest to be affected, has now found the proposed will was not duly executed, and even when the contest is made by an heir at law only, the finding of the surrogate prevents the probate of the instrument as a valid will for any purpose whatever. The fact that there is contained in the record here a memorandum of the surrogate showing his reason for not limiting his decree to a refusal to admit the will to probate as one relating to real estate only, is of no importance. The action of the surrogate was valid in refusing probate to the will for any purpose, and his reasons are not material.

The judgment of the General Term should, therefore, be affirmed, with costs against the proponent personally.

All concur.

Judgment affirmed.