(44 Misc. Rep. 339.)

## In re WESTBROOK'S WILL.

(Surrogate's Court, Seneca County.  July, 1904.)

1. WILL—DESTRUCTION—REVOCATION.

   After a will was executed, the first subdivision thereof was cut out, and the edges of the rest of the will were fastened together by a piece of paper pasted on them.  The piece cut out could not be found.  It was shown on the probate that just before testatrix died, and some six years after the execution of the will, she wrote a letter to a person, stating that she had appointed him her executor some years before, and that the will was in a box with other papers, and that certain notes in the box were to be given to a person named.  The will and notes were found in the box. The scrivener and a subscribing witness testified to the substance of the missing clause.  *Held*, that the will would be admitted to probate, the evidence not showing destruction or revocation thereof.

In the matter of the application of the probate of the will of Maria S. Westbrook, deceased.  Probate decreed.

MacDonald Bros., for proponent.
Hawley & Carmer, for contestant.
C. F. Hammond, for Johnson Home, a legatee.
Geo. E. Zartman, for Betsy Pitman.
Ethel Cappy, in pro. per.

RICHARDSON, S.  On the 17th day of September, 1903, Levi Van Buskirk presented his petition for the probate of an instrument purporting to be the last will and testament of Maria S. Westbrook, deceased, which instrument is dated July 10, 1889, and in which said Van Buskirk is named as sole executor.  Upon filing said petition a citation was issued and returned duly served, and on the return day thereof Belinda Edwards, the only heir at law and next of kin of said decedent, through her attorneys, Hawley & Carmer, filed an answer, and alleged:  First, that the said paper is not the last will and testament of said decedent; second, that said paper was not subscribed and attested as and for her last will, in conformity with the statute in such case made and provided; third, that said paper does not contain all of the clauses nor all of the provisions that it did contain at the time of its execution, but that the same has been mutilated, changed, and in part removed and destroyed, and is not now the paper executed by decedent as her last will and testament; and, fourth, that said paper is invalid and void in that the devise and bequest to the Johnson Home at Seneca Falls, N. Y., for Indigent Females is more than one-half of the property of the said decedent, and that the paper propounded for probate herein is invalid as a last will and testament, and is illegal and void. Thereupon an order was made directing that the legatees named in said will be cited, and they were duly notified.

From the inspection of said instrument it is evident that one subdivision of same has been cut out, and the remaining part of said instrument brought together and held by a piece of paper having been pasted thereon.  The evidence in this matter shows that at the time of the execution of said instrument the testatrix was upward of 21 years of age, a citizen of the United States, competent to devise real estate, and

was not under any restraint or undue influence.   It also shows that the same was executed as prescribed by law; and from such evidence we would not hesitate to admit said instrument to probate, provided it was in all respects as when executed.   The contestant contends that this instrument, as it exists to-day, is a lost or destroyed will, or that the taking away of the missing clause operates as a revocation of the entire will.   In answer we refer to the evidence of Belinda Edwards, in which she states that on Wednesday, five days before the death of said testatrix, she stated to witness, "that there was a letter in the house for Mr. Levi Van Buskirk, her executor."   This goes to show that testatrix did not consider this instrument a lost, destroyed, or revoked will, and it is a well-established rule that a will cannot be revoked unless the testator in some way shows his or her intention so to do. Again, the evidence shows that after the death of testatrix said contestant searched for and found said letter, which she caused to be delivered to said executor, in which letter the testatrix says: "I made my will some years ago and appointed you executor, I have a small wooden box with my will and other papers in; all the notes you find in it give to Belinda, the box if you care for it keep yourself."   The evidence of contestant shows that she searched for and found the wooden box referred to in said letter, and sent the same to the executor.   From these facts I must hold that this was not a lost, destroyed, or revoked will, and there remains but one question to be decided, and that is, what proof is necessary of the contents of the missing part of said instrument? We have the evidence of Jasper N. Hammond, who was the scrivener of said instrument, and one of the subscribing witnesses, and who was asked this question:

"Have you a recollection of what that missing clause was?   Ans. My best recollection is that the clause read as follows, in substance:   'I will and give to Ethel Edwards adopted daughter of my daughter Belinda Edwards the sum of two hundred dollars.'   Q. And that comprises in substance the entire portion of the missing paragraph?   Ans. Yes.   Q. Was that clause, substantially as you have testified to, contained and written in the will at the time of the execution?   Ans. It was.   I should have added that also the word 'second' was written upon the part of this sheet of paper which has been removed, and over the waved line which precedes the line that reads as follows, 'I will and give the sum of two hundred dollars.' "

Mr. Hammond gives reasons for his recollection of the substance of the missing clause, and from his testimony alone we think there is sufficient proof of the missing portion of said last will.

Mr. Salisbury, the other subscribing witness, testified that said will was executed in Mr. Hammond's private room, and after its execution the testatrix followed witness into the front office, which he occupied, and stated to him her reason for making the provision for Ethel Edwards.

To this evidence the contestant objects, claiming that it is incompetent, improper, and not admissible or proper for the purpose of supplying the missing clause or proving the contents of the will.   The Court of Appeals has held, and the general rule is, that when an act is done to which it is necessary or important to ascribe a motive or cause, what was said by the actor at the time, from which the motive or cause may be collected, is part of the act.   And we cannot see why this

evidence should not be admitted if we follow that rule. Therefore from the evidence we find: First. That Maria S. Westbrook duly executed her last will and testament July 10, 1899; that she was competent to execute the same and was not under any restraint. Second. That after the execution of such will, and after delivery of ·same to her, the first subdivision of same was cut out, and the remaining edges of such will were fastened together. Third. That said will minus said missing clause was found in a box belonging to her. And, fourth, that said missing clause or subdivision read as follows: "I will and give to Ethel Edwards adopted daughter of my daughter Belinda Edwards the sum of two hundred dollars." That said last will and testament when executed was in words and figures as follows:

"The Last Will and Testament of Maria S. Westbrook of the town of Tyre, County of Seneca and State of New York.

"I, Maria S. Westbrook aware of the uncertainty of life, do make, ordain, publish and declare this my last Will and Testament, in the manner and form following, that is to say:

"After the payment of my funeral charges, the expenses of administering my estate, and my lawful debts, I give, devise and bequeath my property as follows:

"First,—I will and give to Ethel Edwards adopted daughter of my daughter Belinda Edwards the sum of Two Hundred Dollars.

"Second,—I will and give the sum of two hundred dollars to the person who shall have the charge and care of me in my last sickness, and the judgment of my executor as to who shall be entitled to the same shall be final and binding on all concerned.

"Third,—I will, give and bequeath all the rest, residue and remainder of my property and estate of every kind, absolutely to the 'Johnson Home at Seneca Falls, N. Y., for indigent females,' an incorporated Charitable Institution located at Seneca Falls, N. Y., and founded by the provisions of the will of Justus B. Johnson.

"Fourth,—I give my executor hereinafter named full power to sell and convey any and all real estate which I may own.

"Likewise, I make, constitute and appoint Levi Van Buskirk of Tyre, Seneca County, New York, to be executor of this my last Will and Testament, hereby revoking all former wills by me made.

"In witness whereof I have hereunto subscribed my name and affixed my seal the tenth day of July in the year of our Lord one thousand eight hundred and eighty-nine.                          Maria S. Westbrook, [L. S.]

"The above written instrument was subscribed by the said Maria S. Westbrook in our presence, and acknowledged by her to each of us; and she at the same time declared the above instrument, so subscribed, to be her last will and testament; and we, at her request, have signed our names as witnesses thereto, in her presence, and in the presence of each other, and written opposite our names our respective places of residence.

"Jasper N. Hammond, Seneca Falls, N. Y.

"S. H. Salisbury, Seneca Falls, N. Y."

And finally that said instrument is the last will and testament of Maria S. Westbrook; that the same was properly executed; that at the time of its execution she was of sound disposing mind and memory, and was under no restraint; and I direct that the same be admitted to probate as a will of real and personal estate. A decree may be therefore entered admitting to probate the said instrument as her last will and testament.

Probate decreed.