safely violate an order of a court or judge, and then, after the viola-
tion try to impeach the proceeding because of a defect which does
not of itself make the proceeding void.   See Matter of Hatfield, 17
App. Div. 430, 45 N. Y. Supp. 270, affirmed 155 N. Y. 628, 49 N.
E. 1097; Rupert v. Lee, 101 App. Div. 492, 92 N. Y. Supp. 75; Shults
v. Andrews, 54 How. Prac. 378; Wilcox v. Harris, 59 How. Prac. 262.

Another objection is made by the judgment debtor that the pro-
ceeding for contempt cannot be maintained because there has been
no order entered vacating the order granted by Judge Hicks, and upon
which order no examination was ever had; and upon this proposition
the case of Gaylord v. Jones, 7 Hun, 480, is cited.   That decision is
authority for the proposition that two orders in supplementary pro-
ceedings could not be in force at the same time, and that the defend-
ant could not be held to obey both orders.   It is also authority that,
where an order has been granted, and thereafter a second order has
been granted in the same proceeding, the second order supersedes
the first, and contempt could not be predicated for violation of the
first order, but that a violation of the second order would be sufficient
ground for punishment for contempt.   In this proceeding it was ap-
parent that the first order and the proceeding thereunder had been
treated as abandoned by the judgment creditors, and by the judg-
ment debtor himself, because it does not appear that he submitted to
the direction of the order, and that he made any objections to the sec-
ond order by any affirmative act.

I can find no legal reason for excusing the contempt of the judg-
ment debtor in this proceeding, but, inasmuch as he has submitted to
an examination, and as it appears from the affidavit filed that it was
a matter of inadvertence on his part, I do not think he should be punish-
ed by a fine any greater than the actual costs sustained by the judgment
creditors.   From the affidavit submitted by the attorneys for the judg-
ment creditors it appears that they have expended or become liable to
expend $15 for preparing the original papers and the fees of the ref-
eree, and an order should be entered in this proceeding adjudging the
judgment debtor in contempt for failing to appear and fining him
the sum of $15, and that he should be imprisoned in the county jail
until such fine is paid, not exceeding 15 days.

Had the judgment debtor moved in due time to have vacated the
order directing him to appear and be examined for the irregularity
in the affidavit, I am inclined to think that such motion must have
been granted; but, under the decisions above referred to, I think he
cannot urge that in defense of the proceeding to punish for contempt.

In re KISSAM'S WILL.

(Surrogate's Court, Westchester County.   May 5, 1908.)

WILLS—PROBATE—ALTERATION BY TESTATRIX AFTER EXECUTION.
     2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 42, provides that no will in writ-
ing, nor any part thereof shall be revoked or altered, otherwise than by
some other will in writing, or some other writing of the testator declar-
ing such revocation or alteration, and executed with the same formalities

with which the will itself was required to be executed. *Held* that, where a testatrix after executing her will erased a provision for one legatee without observing the formalities prescribed by statute, the alteration must be disregarded, and the will as originally executed admitted to probate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 453.]

Proceedings for the probate of the will of Harriet Kissam. Probate allowed.

Clifford Couch, for proponent.

MILLARD, S. The last will and testament of Harriet Kissam, executed and attested in manner prescribed by law, has been presented for probate. It is accompanied by an instrument in writing, duly acknowledged, executed by all the heirs at law, and next of kin of decedent, waiving the issuing and service of citation, and consenting that will be admitted to probate. It appears by an examination of the will, which is typewritten, that a part of the second clause has been erased. The statute directs that the surrogate "Before admitting a will to probate must inquire particularly into all the facts and circumstances, and must be satisfied of the genuiness of the will and the validity of its execution." Code Civ. Proc. § 2622; Matter of Bartholick's Will, 141 N. Y. 166, 172, 36 N. E. 1. Inquiry into the facts and circumstances by examination of two credible witnesses, the scrivener, who also was one of the subscribing witnesses, and the testatrix's sister, to whom testatrix read the will after it was executed, clearly and distinctly establishes that, at the time of the execution and attestation of the will, the second clause thereof read, "Second, I give and bequeath, subject to said life estate, to Mrs. Lillian Roome and Miss May A. Husted, of Washington, D. C., each, the sum of five thousand (5,000) dollars;" and that thereafter the testatrix altered such second clause by erasing the words "and Miss May A. Husted" and the word "each."

The testatrix could not by such erasure alter her will. It is provided by 2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 42, that "No will in writing, nor any part thereof　*　*　*　shall be revoked or altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration and executed with the same formalities with which the will itself was required by law to be executed." The effect of this statutory provision is to prevent a testator from altering his will, otherwise than by an instrument executed in the same manner as required to give it effect as a will. The statute has surrounded the execution of testamentary instruments with certain forms and ceremonies as a shield and protection against fraud and imposition, and the purpose of such precautionary measures might be entirely defeated, if held only to the original execution, leaving all subsequent alterations to be made without such protection. The aim of the statute is to close the door against opportunities of fraud and alterations in a will except by the observance of the same formalities as in its execution.

In Lovell v. Quitman, 88 N. Y. 377, 42 Am. Rep. 254, it appears that after will was executed, the testatrix obliterated clauses numbered "2nd" and "4th" with intent to revoke the same. Held, that the oblit-

eration was not effectual for that purpose, and that the will remained in full force and effect as before. In Quinn v. Quinn, 1 Thomp. & C. 437, after will was executed, the testator made alterations by erasing and interlining. Held, that the testator could not by an erasure partially revoke his will, and that will should be probated as originally written. In re Stevens Will, (Sur.) 3 N. Y. Supp. 131, the testatrix, after the execution of her will, attempted to alter it by having a bequest written on a separate piece of paper and pasted on the will, cutting the latter in two for that purpose. Held, that the attempted bequest was ineffectual, and that the original will was not rendered invalid. In Matter of Carver's Estate, 3 Misc. Rep. 567, 23 N. Y. Supp. 753, it was held that the effect of an unauthenticated erasure in a will made after execution is to render the change sought to be made inoperative, leaving the will to stand in form and effect as before the alteration was attempted. In Matter of Lang's Will, 9 Misc. Rep. 521, 30 N. Y. Supp. 388, it was held that alterations and erasures made after the execution of a will will not invalidate it if the original intention of the testator can be ascertained. In Matter of Prescott, 4 Redf. Sur. 178, it was held that where a testator, after the execution of his will, makes erasures and interlineations therein, without intending to revoke the will, and without re-executing the same, the will must be admitted to probate as originally executed. In Dyer v. Erving, 2 Dem. Sur. 160, it was held that after one has signed and published an instrument, as and for his last will, though he may revoke it by destruction, or annul or modify it by another writing executed with due formalities, he cannot otherwise vary its terms by additions, interlineations, obliterations, or erasures on its face. In Matter of Westbrook's Will, 44 Misc. Rep. 339, 89 N. Y. Supp. 862, will after execution was altered by cutting out its first subdivision and fastening together the remaining parts; the piece cut out could not be found. The scrivener who was also one of the subscribing witnesses testified as to the missing clause, which the court held was sufficient proof of that portion and admitted will to probate as originally executed.

It being the duty of the surrogate to admit a will to probate as executed, and to disregard alterations made without formalities prescribed by statute, it necessarily follows that the Surrogate has power to take proof of the provisions of the instrument before alteration.

A decree will be entered admitting will to probate as originally written and executed.