**D. C.]** Syllabus.

# CRAIGHEAD *v.* ALEXANDER.

# ALEXANDER *v.* CRAIGHEAD.

WILLS; PROBATE COURT; APPEAL AND ERROR; BILL OF EXCEPTIONS; CAVEAT.

1. A proceeding in a probate court is not a proceeding in equity, and final orders therein are only reviewable in accordance with the practice at common law.

2. It is the safer practice to bring up to the appellate court, all evidence taken in hearings in probate, whether they are special proceedings or not, by regular bill of exceptions. (Citing *Wilkins & Co.* v. *Hillman,* 8 App. D. C. 469.)

3. Allegations of fraud in a caveat to a will alleged to have been practised upon the caveators in procuring from them a waiver of citation and service of process, made to excuse their failure to file the caveat within three months after the probate of the will, as far as it is a will of personal estate, are insufficient for the purpose (even if the rule in respect to the operation of the statute of limitations be applicable), where it appears from the caveat that the fraud alleged to have been perpetrated upon them was discovered immediately, and no fact is alleged from which it can be inferred that the alleged mental incapacity of the testatrix, or the undue influence alleged to have been practised upon her, were fraudulently concealed from the caveators, or were not as well known to them when the will was admitted to probate, as when the caveat was filed; and where it also appears that the caveat was filed a year, lacking a day, after the probate of the will.

4. A decree of the probate court directing a petition to set aside the probate of a will, to stand as a caveat to the will as a will of real estate, is not a final order, and as such appealable, nor is it such an interlocutory order as can be appealed from as a matter of right under sec. 226, D. C. Code [31 Stat. at L. 1225, chap. 854], providing for appeals to this court (following *Dugan* v. *Northcutt,* 7 App. D. C. 351); and an appeal by the executors from such a decree will be dismissed.

5. *Quære,*—whether the receipt by a legatee of a legacy under a will estops him from maintaining a caveat to the will on the ground of mental incapacity of the testatrix and undue influence practised upon her; and also as to the effect of an offer by him to return the legacy upon his right to maintain such a caveat.

Nos. 2346 and 2347. Submitted January 3, 1912. Decided February 5, 1912.

HEARING on cross appeals from an order of the Supreme Court of the District of Columbia, sitting as a probate court; one of the appeals being by petitioners who sought to have waivers of citation signed by them set aside for fraud, and the probate of a will vacated; the other appeal being by the executors under the will from so much of the order as directed the petition to stand as a caveat to the will as a will of real estate. *So much of the order as was appealed from by the petitioners was affirmed, while the appeal of the executors was dismissed.*

The COURT in the opinion stated the facts as follows:

These two appeals have been heard together, as they relate to the same order.

Harriet V. A. Craighead died July 23, 1909, leaving a will disposing of an estate valued at $60,000, and naming Alice W. Craighead and Thomson H. Alexander executors. She was survived by three children, James B., Jesse V. A. and Alice W. Craighead. By the terms of the will $5,000 was bequeathed to James, $4,000 to Jesse V. A., $1,000 to James B. Craighead, a son of Jesse; the residue of the estate was bequeathed to her daughter, Alice W. Craighead. The will, and petition for its probate, were filed September 16, 1909. Citation having been waived by James B. and Jesse V. A. Craighead, the will was admitted to probate September 17, 1909.

Jesse V. A. Craighead resided in the city and State of New York, and James B. in the city of Philadelphia, in the State of Pennsylvania. On September 16, 1910, they joined in a petition filed in the supreme court of the District, holding the probate court. This petition alleged substantially: That petitioners were advised by letter of Thomson H. Alexander that the will would be opened and read in his office in Washington, on September 15, 1909, and were invited to be present. That when said will had been read, petitioners were requested to sign certain papers consenting to the probate of the will, without further notice, being advised by said Alexander that the signing of the papers was a mere formality, and for the purpose of

saving the expense of citation and publication. That said Alexander and Alice W. Craighead also advised petitioners that they were prepared and desired to make immediate settlements with them of their legacies as soon as the will should be probated; and that the petition for probate would be presented the next morning—September 16—at 11 o'clock A. M. That petitioners were requested to be at the office of said Alexander at 2 o'clock on the same day to receive the sums bequeathed to them. That at the time of reading said will, they were advised by Alice W. Craighead that the same had been composed and written by the testatrix in her own handwriting, and without assistance or suggestion of anyone. That petitioners were so surprised and shocked at the unusual and unnatural discrimination made in said will, and being urged to close the matter at once, and being without the advice of counsel, they signed the papers presented to them. That after consideration that night, they became convinced that said instrument was not executed by the testatrix of her own free will, and determined to oppose the probate thereof. That they went to the probate court on September 16 at 11 o'clock A. M.,—the hour at which they had been advised the will would be presented for probate,—for the purpose of protesting against the said probate; but, upon reaching said court, they were advised by the said Alexander that the papers had been presented at ten o'clock, the will admitted to probate, and that it was too late for them to make any objection thereto. That they were further advised that there was nothing left for them to do but to accept the settlement on the terms named in the will, and requested to keep the appointment on that day for 2 o'clock for the purpose of closing the transaction. That James B. Craighead became further convinced of the invalidity of said will by reason of the efforts of the executors to force petitioners to accept an immediate payment of their legacies, and positively declined to receive the sum of his legacy. That Jesse V. A. Craighead, having been persuaded that it was too late for him to make objection to said will, and that there was nothing left for him to do but accept the said legacy, and not having been given full opportunity to consider said matter,

not having been advised then, as he is now, of the mental condition of testatrix at the time of the execution of said will, and of other facts showing that she was under the complete domination and control of said Alice W. Craighead,—received the said sum of $5,000 from said executors, and signed such papers as they demanded. That he now tenders himself ready and willing, and offers, to return to said executors the money so received. That testatrix was born June 27, 1827, and was seventy-seven and one-half years old at the time of the execution of said will. That for several years prior thereto and until her death she was a confirmed invalid, weak in body and mind, and easily dominated and controlled by anyone who came in contact with her. That they have only recently discovered that at the time of the execution of said will,—namely, November 4, 1904,—testatrix, being then an invalid, physically and mentally, was completely under the domination, suggestion, and control of said Alice W. Craighead, and that the said will was prepared at the suggestion and under the direction of the said Alice, as petitioners are advised and believe, and was thereafter rewritten by testatrix in her own handwriting, under the direction and at the request of said Alice; and was not the last will and testament of said Harriet V. A. Craighead. That at the time of her death testatrix was possessed of securities, cash, and household goods of the value of $59,440.54, and of one piece of real estate in the District of Columbia of the value of $1,500, most of which was received from the estate of the father of petitioners, and said estate remains in the hands of said executors, undistributed save as before set forth. That they consented to the probate of said will, under the false and fraudulent misrepresentations made to them, as hereinbefore set forth; and they now pray that said probate be set aside, and they be granted leave to file this caveat to said will upon the grounds set forth, which have only recently come to the full knowledge of petitioners. The petition concludes with the following averments: (1) That said will was not executed in the manner and form required by law. (2) That at the date of said will, testatrix was not of sound and disposing mind and memory, and not capable of executing a valid

deed or contract.    (3) That the execution of said will, if executed at all, was procured by the undue influence, importunities, and persuasions of said Alice W. Craighead.    (4) That the execution of said will, if executed at all, was procured by fraud and deceit practised upon testatrix by said Alice W. Craighead and Thomson H. Alexander, or some other person or persons.    The prayer of the petition is that the decree admitting the will to probate be set aside, and proper issues touching the execution of said will be framed for trial by jury.

In response to a rule to show cause why the prayer of the petitioners should not be granted, the executors filed an answer denying all the allegations of fraud, undue influence, incompetency, etc.    They plead the payment to Jesse V. A. Craighead and its receipt by him as an estoppel.    They also claim that the only questions raised are questions of law, and should be determined upon the pleadings.

The court heard witnesses in open court upon the issue of fraud relating to the procurement of the waivers of citation. That evidence, having been transcribed, was ordered by the court to be filed with the register of wills as part of the record in this cause.    There was no bill of exceptions.    On a hearing on the pleadings and the evidence aforesaid, on May 2, 1911, the court entered a decree denying so much of the petition as seeks to set aside said waivers of citation, and also to permit a caveat of the will as to personal property; but ordering the petition to stand as a caveat to the will as a will of real estate.

Petitioners have appealed from the first parts of said order, and the executors from the last part.

*Mr. M. J. Colbert* and *Mr. J. J. Hamilton* for the appellants in No. 2346 and for the appellees in No. 2347.

*Mr. F. Edward Mitchell* and *Mr. Edwin Forrest* for the appellees in No. 2346 and for the appellants in No. 2347.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. These appeals were argued by both parties, upon the as-

sumption that the report of the evidence taken below and made a part of the record by order of the court is properly before this court for review. A proceeding in a probate court is not a proceeding in equity, and final orders therein are only reviewable in accordance with the practice at common law. *Ormsby* v. *Webb,* 134 U. S. 47–65, 33 L. ed. 805–812, 10 Sup. Ct. Rep. 478; *Campbell* v. *Porter,* 162 U. S. 478–481, 40 L. ed. 1044, 1045, 16 Sup. Ct. Rep. 871. And the evidence in such cases must be brought up in a bill of exceptions. Whether the rule as to the bill of exceptions, which governs·in all cases of contests of wills under a caveat, applies in a special proceeding of this kind, presents a question that seems not to have been raised before. In a summary proceeding to quash an attachment, it has been held that the evidence taken thereon must be embraced in a bill of exceptions. *Wilkins & Co.* v. *Hillman,* 8 App. D. C. 469–475. But in view of the fact that the practice had not been authoritatively settled, and that there was a virtual agreement between counsel as to the evidence, and the trial court had so certified, the report of the judge was received as the equivalent of a bill of exceptions in that case, with notice, however, that this action was not to be drawn into a precedent for the government of future cases. We would, for the same reason, be inclined, in this particular case, to consider the evidence certified by the court; but we do not find it necessary to do so, or to decide whether a formal bill of exceptions is necessary in all similar proceedings. We therefore pass the question, with the suggestion that the safer practice will be, hereafter, to bring up all evidence taken in hearings in probate by regular bill of exceptions.

2. We are of the opinion that the errors complained of by both sets of appellants can be determined by the pleadings. The right to the caveat is claimed under section 137 of the Code [31 Stat. at L. 1212, chap. 854], which reads as follows: "If, upon the hearing of the application to admit a will to probate, the court should decree that the same be admitted to probate, any person in interest may file a caveat to said will and pray that the probate thereof may be revoked at

any time within three months after such decree, if it be a will of personal property, and as far as it is a will of personal property; and if it be a will of real estate, and as far as it is such will of real estate, any person interested actually served with process or personally appearing in such proceedings may file such caveat within one year after such decree; any person interested, who at said time was returned, 'not to be found,' and was proceeded against by publication, may file such caveat within two years after such decree; and any person interested who, at the time of said decree, is within the age of twenty-one years, may file such caveat within one year after he becomes of age."

The object of the section is to extend to the persons coming within its description a certain period within which to contest a will that has been regularly admitted to probate. As to them the probate is not a finality until the expiration of the prescribed periods. Until then the right to the caveat is absolute.

The section, it will be observed, gives three months to anyone in interest to file a caveat to a will, or to so much of a will as relates to personal property, while the one year within which to contest a will of real estate is extended to those interested, actually served with process, or appearing in such proceedings; two years to those who have not been found, and have been cited by publication; and to those under twenty-one years of age, one year after attaining that age. That the caveators are persons of interest, and as such entitled to file the caveat as to the will of personal property, seems clear.

While a liberal construction would include them among those "personally appearing in such proceedings," who are entitled to contest a will of real estate within one year, we need not now decide whether such construction should, or should not, prevail. As the caveat was not filed until more than three months after the order of probate, the allegations of fraud, practised in procuring the waiver of citation and service, were evidently made to excuse their failure to proceed within the statutory period; applying thereto, by analogy, the rule in re-

spect of the operation of statutes of limitation. Treating the allegation of the answer of the executors, that the questions raised were of law and not fact, and should be determined on the pleadings, as a demurrer to the petition, we think the court was right in dismissing so much of the caveat as related to the will as a will of personal property. Giving them the benefit of every inference reasonably deducible from the averments of their petition, the fraud perpetrated upon them was discovered immediately. They allege no fact from which it can be inferred that the mental condition of the testatrix or the undue influence alleged to have been practised by the principal legatee, were fraudulently concealed from them, or were not as well known to them on September 17, 1909, as they were on September 16, 1910, when their petition was filed. They delayed the assertion of their rights not only for three months thereafter, but also for one year lacking a day. The petition presents no reasonable excuse for this long delay.

3. The appeal of the executors from so much of the order as directed the petition to stand as a caveat to the will as a will of real estate must be dismissed. It was not a final order, and not such an interlocutory one as can be appealed from as a matter of right under the provisions of section 226 of the Code, regulating the appellate jurisdiction of this court. *Dugan* v. *Northcutt,* 7 App. D. C. 351–362. Having declined to entertain the appeal of the executors in cause No. 2347, we, necessarily, are without the power to express any opinion respecting the effect of the receipt by Jesse V. A. Craighead of the legacy under the will, as an estoppel, or of the allegation of his readiness to return the same.

For the reasons given, so much of the order as has been appealed from by the caveators in No. 2346 will be affirmed, with costs, and an order entered in No. 2347, dismissing the appeal of the executors.

It is so ordered.