**HENGESBACH et al. v. HENGESBACH.**

No. 7595.

United States Court of Appeals for the District of Columbia.

Decided Aug. 19, 1940.

Samuel Bogorad, of Washington, D. C., for appellants.

Frank L. Shigo, of Washington, D. C., for appellee.

Before STEPHENS, MILLER, and RUTLEDGE, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from a decree of the District Court of the United States for the District of Columbia dismissing a caveat to a will insofar as it disposed of personal property.

From the record and briefs it appears that: The will of Elizabeth T. Hengesbach was admitted to probate by the District Court on July 5, 1938, and letters testamentary were issued to the appellee, James A. Hengesbach, a brother of the testatrix. On June 30, 1939, the appellants, Carl J. Hengesbach and Francis O. Hengesbach, also brothers of the testatrix, filed a caveat to the will praying revocation of its probate upon the ground, among others, that its execution had been procured by undue influence, fraud and duress practiced upon the testatrix by James A. Hengesbach or others. Although the will itself is not made to appear in the record, it apparently involved both real and personal property. After the filing of the caveat, the appellee moved to dismiss the same, insofar as it attacked the will as a disposition of personal property, on the ground that it was filed more than three months after the admission of the will to probate. The trial court granted this motion and dismissed the caveat "insofar as it is a caveat to a will of personal property." This appeal was then taken.

The action of the trial court is justified by the appellee under the Act of March 3, 1901, 31 Stat. 1212, D.C.Code (1929) tit. 29, § 59, and under Craighead v. Alexander, 1912, 38 App.D.C. 229, Ann.Cas. 1913C, 847. The statute provides, so far as here pertinent, as follows:

"If, upon the hearing of the application to admit a will to probate, the court shall decree that the same be admitted to probate, any person in interest may file a caveat to said will and pray that the probate thereof may be revoked at any time within three months after such decree, if

it be a will of personal property, and *as far as it is a will of personal property;* and if it be a will of real estate, and *as far as it is such will of real estate,* any person interested actually served with process or personally appearing in such proceedings may file such caveat within one year after such decree . . .." [Italics supplied]

In Craighead v. Alexander, a caveat to a will disposing of both real and personal property was filed one day less than one year after the will had been admitted to probate. The trial court dismissed the caveat insofar as it was directed to the disposition of personal property, but allowed it to stand insofar as it attacked the disposition of real property. This ruling was sustained upon appeal under the statute above set forth.

The appellants urge that Craighead v. Alexander should be overruled. They call attention to the Act of March 3, 1901, 31 Stat. 1208, D.C. Code (1929) tit. 18, § 124, providing that the probate court "shall have full power and authority to take the proof of wills of either personal or real estate and admit the same to probate and record, and *for cause to revoke the probate thereof* . . .." (Italics supplied) And they assert that the will must ultimately stand or fall as a whole. They cite In the Matter of Bartholick's Will, 1894, 141 N.Y. 166, 36 N.E. 1, holding that where the validity of a will is challenged, and the surrogate finds that testamentary capacity was lacking and that the will was the result of undue influence or fraud, he should wholly refuse to probate the same, even though the contestant is interested only as an heir at law and therefore in the real property alone. The appellants contend that considering both provisions of the District of Columbia Code together, Section 59 of Title 29 should be construed so as to permit a caveat filed within one year, but after three months, against a will disposing of both real and personal property, to stand as a whole. Otherwise, say the appellants, there may ultimately be conflicting rulings: one, as in the instant case, dismissing the caveat insofar as it is a caveat to a will of personal property, and thereby allowing the will to stand as to the personal property; another, upsetting the will as a whole after a determination that its execution was improperly procured.

We do not now assume to rule upon the question whether the probate court must—if in the instant case it should ultimately, upon a hearing of the caveat insofar as it attacks the disposition of the real property, determine that the execution of the will was improperly procured —revoke the probate of the will as a whole, or only as respects its disposition of real property. That question is not now before us. The sole question before us now is whether the trial court correctly dismissed the caveat insofar as it attacked the disposition of the personal property. As to that question we see no possible answer but that the action of the trial court was correct. Craighead v. Alexander is on all fours with the instant case, and the trial court was bound by that decision. And the decision in that case was itself dictated by the plain terms of Section 59 of Title 29, quoted and italicized above. Where the language of a statute is plain there is nothing to construe. To give it a meaning different from that expressed by its plain language would be judicial legislation.

Affirmed.