**HENGESBACH v. HENGESBACH et al.**

**No. 7935.**

United States Court of Appeals for the District of Columbia.

Decided Aug. 31, 1942.

Mr. Frank L. Shigo, of Washington, D. C., for appellant.

Mr. James Conlon, of Washington, D. C., for appellees. Mr. Samuel Bogorad, of Washington, D. C., entered an appearance and was on the brief for appellees.

Before STEPHENS, VINSON, and EDGERTON, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia denying a motion to postpone distribution of the personal estate of Elizabeth T. Hengesbach, deceased, provided the legatee shall furnish a bond. The terms of the order are more particularly described below. The appellees have moved to dismiss the appeal.

The will of Elizabeth T. Hengesbach was admitted to probate by the District Court on July 5, 1938, and letters testamentary were issued to the appellant James A. Hengesbach, a brother of the testatrix and a legatee under the will. On June 30, 1939, the appellees Carl J. Hengesbach and Francis O. Hengesbach, filed a caveat to the will praying revocation of its probate upon the ground, among others, that its execution had been procured by undue influence, fraud and duress practiced upon the testatrix by James A. Hengesbach or others. Although the will itself is not made to appear in the record, it apparently involved both real and personal property. After the filing of the caveat, the appellant herein, as caveatee in the proceeding referred to, moved to dismiss the caveat, so far as it attacked the will as a disposition of personal property, on the ground that it was filed more than three months after the admission of the will to probate. The District Court granted that motion and dismissed the caveat "insofar as it is a caveat to a will of personal property." The caveat remained standing so far as it attacked the disposition of real property. An appeal from the order of dismissal was taken to this court. In that appeal the caveatee justified the dismissal under the Act of March 3, 1901, 31 Stat. 1212, D.C.Code (1940) § 19—309, and under Craighead v. Alexander, 1912, 38 App.D.C. 229. The statute referred to provides, so far as here pertinent:

"If, upon the hearing of the application to admit a will to probate, the court shall decree that the same be admitted to probate, any person in interest may file a caveat to said will and pray that the probate thereof may be revoked at any time within three months after such decree, if it be a will of personal property, and as far as it is a will of personal property; and if it be a will of real estate, and as far as it is such will of real estate, any person interested actually served with process or personally appearing in such proceedings may file such caveat within one year after such decree ...."

In Craighead v. Alexander a caveat to a will disposing of both real and personal property was filed one day less than one year after the will had been admitted to probate. The trial court dismissed the caveat so far as it was directed to the disposition of personal property, but allowed it to stand so far as it attacked the disposition of real property. That ruling was sustained on appeal. In the instant case under the statute quoted and in view of Craighead v. Alexander, we affirmed the action of the District Court in dismissing the caveat filed to the will of

Elizabeth T. Hengesbach "insofar as it is a caveat to a will of personal property." See Hengesbach v. Hengesbach, 1940, No. 7595, 73 App.D.C. 1, 114 F.2d 845. In so affirming the dismissal we made, however, a reservation, saying:

"We do not now assume to rule upon the question whether the probate court must—if in the instant case it should ultimately, upon a hearing of the caveat insofar as it attacks the disposition of the real property, determine that the execution of the will was improperly procured—revoke the probate of the will as a whole, or only as respects its disposition of real property. That question is not now before us. The sole question before us now is whether the trial court correctly dismissed the caveat insofar as it attacked the disposition of the personal property...." [73 App.D.C. at page 2, 114 F.2d at page 846]

The mandate of this court in that case was filed in the office of the Register of Wills for the District of Columbia, clerk of the probate court, September 10, 1940. On September 12, following, James A. Hengesbach, the appellant herein, filed with the Register of Wills his second and final account as executor. This showed a balance for distribution "to James A. Hengesbach, under item 2 of the will, $441.53." In the usual course of probate proceedings, this, in the absence of objections, would have resulted in distribution of the sum mentioned to James A. Hengesbach in his individual capacity. But on September 20, 1940, the caveators Carl J. Hengesbach and Francis O. Hengesbach, the appellees herein, filed with the Register of Wills a motion to postpone distribution of the personal estate upon the following grounds:

"1. A caveat to the will of said decedent, as a will of real estate is still pending in this court.

"2. The personal estate should not be distributed under said will unless the caveat to the will as a will of real estate is dismissed and the will is held valid.

"3. If the caveat to the will as a will of real estate is sustained, the will is invalid for all purposes.

"4. The caveatee-executor has filed a final account with a view to distributing the personal estate under said will."

Then the appellant James A. Hengesbach as "caveatee-executor" filed an "Opposition to Motion to Postpone Distribution of Personal Estate," in which he moved the probate court "to dismiss the motion to postpone distribution of the personal estate." The grounds of that opposition were:

"1. That a final decree dismissing caveat to will of personalty was granted on October 3, 1939 by this Court.

"2. That the said will was admitted to probate as a will of personalty.

"3. That the ruling of this Court was sustained by the United States Court of Appeals for The District of Columbia on August 19, 1940, in case No. 7595.

"4. That the matter is now res adjudicata."

Then there was entered the probate order of the District Court which is the subject of the present appeal. It was in the following terms:

"Upon hearing of the caveator's motion to postpone distribution of the personal estate of the above-named decedent, it is, this 14th day of February, 1941,

Ordered that the said motion be, and the same hereby is denied, provided, however, that before distribution is made, the distributee, James A. Hengesbach, shall furnish an undertaking in the sum of One Thousand Dollars, conditioned upon his repayment to the estate of decedent the amount of any sum distributed to him, and any further amount for which he may be found to be liable, in the event it is finally determined, the said distributee is not entitled to take under the last will and testament of the decedent; and it is further ordered as a condition to the denial of the aforesaid motion, that the caveators, Francis Hengesbach and Carl Hengesbach, pay the premiums of the said undertaking and any renewal thereof, until there is a final determination as to liability to repayment as aforesaid; and that thereupon this Court shall determine as to whether said caveators shall be reimbursed for the sums so paid for premiums on said undertaking and renewal."

This order was apparently entered with a view to preserving the status quo until disposition of the caveat as it stood against the will as a will of real property and determination of the question reserved by this court in the case of Hengesbach v. Hengesbach, No. 7595.

The motion to dismiss the present appeal is made upon the ground, among others, that the appeal is general but the order appealed from interlocutory.

We think the appeal must be dismissed on that ground. It is a general appeal taken as from a final order under D.C.Code (1940) § 17—101. That section provides so far as here pertinent:

"Any party aggrieved by any final order, judgment, or decree of the District Court of the United States for the District of Columbia, or of any justice thereof, may appeal therefrom to the said United States Court of Appeals for the District of Columbia; . . .."

The order appealed from is not a final order. Its operation is dependent upon whether or not the bond referred to in the order is furnished. Under the order if the bond is furnished, then the motion to postpone distribution of the personal estate is denied and the personal estate will be distributed; but if the bond is not furnished, the motion to postpone distribution of the personal estate is apparently to be granted. In Jones' Adm'r v. Craig, 1888, 127 U.S. 213, 8 S.Ct. 1175, 32 L.Ed. 147, an action of ejectment was commenced by the grantee in a deed against the grantors. The latter countered with a bill in equity to remove a cloud on title to the land granted. They set up in this bill that the deed was but a mortgage with a written contract of defeasance. The grantee demurred. Upon hearing on the demurrer the trial court (the Circuit Court of the United States for the District of Nebraska) entered the following order:

"...ordered that if within fifteen days the plaintiffs [in equity] bring into court the amount of the note and mortgage set forth in the bill of complaint, with interest thereon from the time the note became due, with interest thereon at ten per cent per annum until November 1, 1879, and from November 1, 1879, to date of this order, at seven per cent per annum, together with all taxes paid by defendant [the grantee] upon the land described in said bill, with interest thereon at ten per cent per annum, then the defendant be restrained from the further prosecution of the cause in ejectment set forth in said bill of complaint . . . but if the plaintiff shall fail so to do within the time mentioned, the said demurrer to said bill be sustained and the said bill of complaint be dismissed, and the defendant herein be allowed to proceed with the prosecution of his said action at law. . . ." [127 U.S. at page 215, 8 S. Ct. 1175, 32 L.Ed. 147]

An appeal was taken to the Supreme Court. That Court ruled that it had no jurisdiction of the case as it stood and dismissed the appeal and remanded the case for further proceedings. Speaking through Mr. Justice Miller, the Court said:

"This court, however, has no jurisdiction of the case as it stands, because the order just cited is not a final decree. Something yet remains to be done in order to make it such, and that action depends upon whether or not the complainants will comply with the order to bring in the sum due on the mortgage. If that order is complied with, then a decree should be made, upon the hypothesis on which the order was made, in favor of the complainants in the bill, and quieting their title. If, however, the money is not brought into court, then, according to the theory of the order, the bill of complaint should be dismissed. But, even assuming the right of the court to make the order, as well as its validity, the circumstances under which the bill of complaint is to be dismissed or the relief granted to the complainants named therein, and the sum to be paid, are matters which are yet to be determined, which may turn out either one way or the other, and which, when ascertained, will be the foundation for a final decree. There is no final decree as the matter now stands." [127 U.S. at page 215, 216, 8 S.Ct. 1175, 32 L.Ed. 147]

We think the order sought to be appealed from in the instant case parallels in its contingency the one in Jones' Adm'r v. Craig. Accordingly the appeal is dismissed, costs to be borne by the appellant.

Appeal dismissed.