Desmond, J.
In this twice-tried contest over the will of Eleanor Morgan Satterlee, the contestant is Mable S. Ingalls, sister and only next of kin of the testatrix. She appeals by our leave from an Appellate Division affirmance of a Surrogate’s decree which was entered following a jury trial and which admitted to probate the whole of the will except the residuary clause. The residuary legatee was respondent Rosenblatt who had been decedent’s attorney and advisor during the last few years of her life. The objections filed by Mrs. Ingalls alleged that the whole will was invalid for lack of testamentary capacity of decedent and because of alleged fraud and undue influence practiced by said Rosenblatt on the decedent. Alternatively, the contestant asserted in her objections that fraud and undue influence had been the procuring cause of so much of the will as left the residuary estate to attorney Rosenblatt and so much thereof as appointed him a coexecutor. The first trial was held before one of the Surrogates of New York County without a jury. At the close of contestant’s case on that first trial the Surrogate dismissed all the objections and decreed that the will be admitted to probate. On an appeal from that decree the Appellate Division reversed, holding (see 281 App. Div. 251, 253, 254) that because of the relationship between the attorney Rosenblatt and the testatrix, the former was under a duty to take the witness stand and to explain how it came about that his client made a will in his favor. The Appellate Division in remitting the proceeding to the Surrogate directed that the new trial be had before a jury. Proponent-appellant is now arguing, among other things? that, in view of the prior waiver *289 of jury trial by all parties, tbe Appellate Division was without power to direct that the new trial be before a jury. This contention seems not to have been made by appellant in any form prior to or during the jury trial. We need not, however, decide whether appellant thus waived any objection she might have had to the ordering by the Appellate Division of a jury trial. As hereafter stated, we are holding that the Appellate Division order directing a jury trial is, for jurisdictional reasons, not reviewable in this court.
The second or jury trial was a very long one. The Surrogate submitted to the jury four questions. The first was as to testatrix’ testamentary capacity, a question which the jury answered in the affirmative and which is now out of the case. The other questions were as follows: the second inquired whether there was undue influence going to the will as an entirety, the third question was as to whether there was undue influence as to the residuary clause only, and the fourth question inquired whether the executorship clause had been procured by undue influence. The Surrogate ruled that there was no evidence of fraud as distinguished from undue influence and refused to submit the alleged fraud issue to the jury, a determination with which we agree.
On one of the other three questions submitted to them, that is, as to whether the residuary clause was procured by undue influence, the jurors disagreed. As to the remaining questions, the jury by its verdict made a finding that the will generally and the executorship clause in particular had not been the product of undue influence. The Surrogate thereupon ordered a new trial as to the question on which the jury disagreed (as to undue influence allegedly producing the residuary bequest) and entered a decree admitting to probate the whole of the will except the residuary clause. The Appellate Division unanimously affirmed without opinion.
On her appeal to this court contestant argues these points:
1. That proponent failed to carry the burden (Marx v. McGlynn, 88 N. Y. 357) of explaining his being named coexecutor. However, proponent did offer an explanation which was accepted by the jury and we cannot go behind the Appellate Division’s affirmance on this question of fact.
2. That the contestant conclusively proved fraud, an assertion which we have dealt with above in another paragraph of this *290 opinion and as to which we hold that there was no evidence of such fraud as would invalidate a will (Matter of Hermann, 178 App. Div. 182, affd. 222 N. Y. 564).
3. That contestant conclusively proved that the executorship clause was the result of undue influence. There was no direct evidence on this subject but quantities of circumstantial evidence both ways, again with the result that there was at most a question of fact (Matter of Reid, 298 N. Y. 878). Since proponent as to this issue has a jury finding affirmed by the Appellate Division, we cannot interfere.
4. That the Appellate Division had no right to order a trial by jury (discussed below).
5. That the jury’s verdict, assuming that a jury trial was validly ordered, was advisory only and that both courts below erred in treating it as a conclusive verdict and in failing to treat it as advisory (discussed below).
As to question 4, we find ourselves unable because of our jurisdictional limitations to make a ruling on this record as to whether the Appellate Division had the right to order a jury trial. The Appellate Division order for a jury trial is not now reviewable in this court. It was not appealed from under subdivision 3 of section 588 of the Civil Practice Act. Nor was it an interlocutory or intermediate determination necessarily affecting the final order and so reviewable with the final order in the Court of Appeals (Civ. Prac. Act, § 580; Matter of Budlong, 126 N. Y. 423, 428; Matter of Bartholick, 141 N. Y. 166; Cohen and Karger, Powers of the New York Court of Appeals, § 79, p. 339 et seq.).
Next, we turn to appellant’s point number 5 above wherein she argues that this jury verdict was at most advisory and should not have been given the effect of a jury verdict in a common-law action. We hold that appellant cannot now be allowed to take that position. Never in any manner did she, until some weeks after the adverse verdict came in, assert that it was to be or was advisory only. The second trial had proceeded in every respect as a trial by jury and not as a trial by a Surrogate advised by a jury. The Appellate Division had directed a “ jury trial ” (281 App. Div. 251, 254) and its citation of Matter of Allaway (187 App. Div. 87) made it impossible to doubt that the Appellate Division meant a conventional jury trial. A conventional jury trial was held. Neither party could *291 wait until after the verdict and then try to cut down the verdict’s effect.
We pass on no other questions.
The order appealed from should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.