M’Girk, C. J.,
delivered the opinion of the Court.
It appears by the record that in the Circuit Court of Ralls county, Ezra Hunt, an Attorney of that Court, gave information to the Court that certain dates in a record had been altered, and that he believed and charged the fact to he that Watkins, also an Attorney of that Court, had altered the same; whereon, by order of the Court, certain interrogatories were propounded to Watkins, which he declined to answer; the Court thereupon suspended him from practice for a certain time, and certified the proceedings to this Court.
The question is now made whether the Court erred. We are of opinion the order, as it stands, must be set aside. The law is express that the cause of suspension must be in the order itself, which is not the case here. The order should alledge the precise cause for which the suspension is made. In this case, if it were proved that this man had altered the record, then the order should show that fact, and then the suspension should follow.
Tlie requisition of the Court, that the party should answer on oath, would he good on a pure question of contempt; this requisition is not to accuse the party, hut to lei him purge himself if he can; after the act has been otherwise established, the regular proceeding in this case would have been, when the information was given, to have issued a rule or citation, to call on the party, when the act was done out of the presence of the Court, to show cause why he should not he suspended for the acts complained of. When the contempt is committed in the presence of the Court, a rule is sufficient; and when the party appears, proof is made of the facts, then the order of suspension or a discharge of the rule is made, as the proof warrants. The order is set aside, the cause is remanded, the Circuit Court will proceed with the proof, &e., without any new notice to the defendant.