2,718

Ex PARTE WILLIAM SMITH, ON HABEAS CORPUS.

STATUTORY CONSTRUCTION.—REPEAL OF A STATUTE.—An Act of the Legislature is repealed by a subsequent Act when it appears from the last Act, that it was intended to take the place of or repeal the former, and when the two Acts are so inconsistent that effect cannot be given to both.

IDEM.—REPUGNANCY.—A repugnancy in principles merely, between two Acts of the Legislature, forms no reason why both may not stand.

IDEM.—ACT TO AID THE MERCANTILE LIBRARY ASSOCIATION.—The Act to prohibit lotteries etc., passed April 24, 1861, and the Act to aid the Mercantile Library Association of San Francisco, passed February 19, 1870, are not repugnant in the sense of the rule which would construe the last Act as.a repeal of the first.

IDEM.—Where an Act of the Legislature recognizes the existence of a general law upon any subject and attempts to create an exception, the exception is not repugnant to the general law, or, if it be, it is only to the extent of the exception.

TEMPLE, J., delivered the following opinion, CROCKETT, J., and WALLACE, J., concurring:

The petitioner has been arrested and is held in custody on a charge of selling tickets in a certain lottery or gift concert, contrary to the provisions of an Act to prohibit lotteries, etc., passed April 24, 1861. He claims his discharge on the ground that the Act was repealed by an Act passed February 19, 1870, entitled "An Act to aid the Mercantile Library Association, of the city and county of San Francisco, in paying its indebtedness."

That Act provides in substance that the Mercantile Library Association may hold three public entertainments

or concerts, at which, property may be disposed of by chance, "anything in the laws of the State to the contrary notwithstanding."

An Act of the Legislature is repealed by a subsequent Act when it appears from the last Act that it was intended to take the place of, or repeal the former, and when the two Acts are so inconsistent, that effect cannot be given to both. That they are repugnant in principle merely, forms no reason why both may not stand.

It is quite manifest that the Legislature did not intend by the Act granting certain privileges to the Mercantile Library Association, to repeal the existing laws upon the subject. The Act clearly manifests an intent to grant a special license to that association to do an act which was otherwise unlawful. It recognizes the existence of the general laws upon the subject, and attempts to create an exception.

These laws are not repugnant in the sense of the rule which would construe the last Act as a repeal of the first. An exception is not repugnant to the general rule, or, if it be, it is only to the extent of the exception. This exception might have been incorporated into the original Act, and, whatever might have been said as to the validity of the exception, no one would have questioned the general law, or imagined that its general provisions were annulled by the repugnance of the exception in the subsequent sections of the Act, and yet the rule is precisely the same as to inconsistent sections of an Act as that which relates to inconsistent Acts—the last annuls the first.

But it is contended that the Act of 1870 creates an exception to the general law, and thereby renders its operation partial, and therefore void, as being in conflict with Section 11, Article I., Constitution of California, or that, by reason of this constitutional provision, the Mercantile Library Act is given a general or uniform operation. I am not sure that I clearly apprehend the position of counsel on this point. I see nothing, however, in the constitutional provision which bears upon the question. If the last Act

be considered as a supplement to the first, by which it is attempted to give that Act a partial operation, the last Act would be within the constitutional inhibition, but the general Act would stand. A special Act cannot be placed upon the footing of a general Act, to the operation of which an exception is provided. If the special Act were given a general operation, the Court will have made a law, by construction, where none existed before. In the other case a general law is executed according to its terms, notwithstanding an exception made in violation of the Constitution.

I do not deem it necessary to decide upon the constitutionality of the Act of 1870. Admitting it to be valid, it is very clear to my mind that it does not repeal former Acts prohibiting lotteries or the selling of lottery tickets in this State.

The application is therefore denied, the writ dismissed and the prisoner remanded to the custody of the officer.