[No. 12201. In Bank.—September 12, 1887.]

## M. CERF, PETITIONER, v. THEO. REICHERT, RESPONDENT.

STATE LANDS — CERTIFICATE OF PURCHASE — EXECUTION SALE OF LAND — RIGHT OF PURCHASER TO PATENT — SURRENDER OF CERTIFICATE. — Under the act of March 27, 1872, where land has been sold by the state, and a certificate of purchase issued upon part payment of the purchase-money, and afterwards the land has been sold under execution, and a sheriff's deed issued therefor, the grantee named in such deed is entitled to receive a patent for the land upon producing and surrendering the sheriff's deed and making full payment. In such a case, the provisions of section 3519 of the Political Code, requiring the surrender of the certificate of purchase before the issuance of the patent, does not apply, as the act of March 27, 1872, having been passed at the same session of the legislature as the Political Code, prevails over any provisions of the code which are inconsistent therewith.

ID. — ACT OF MARCH 27, 1872 — REPEAL OF. — The act of March 27, 1872, was not repealed by implication by the amendment of 1874 to section 3518 of the Political Code, permitting the owner of a certificate of purchase which is lost, destroyed, or beyond his control to make proof thereof as provided in such section, and procure a duplicate certificate.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*A. E. Bolton,* for Petitioner.

*Attorney-General Johnson,* for Respondent.

SEARLS, C. J. — This is an application for a *mandamus* to compel the respondent, as register of the state land-office, to issue to the petitioner a patent to the west half of the southeast quarter, and lots 3 and 4, of section 16, in township 10 south, range 2 west, Mt. Diablo base and meridian.

An alternative writ issued, to which respondent made answer, and the cause is submitted upon an agreed statement of facts.

In July, 1868, one Otis Ashley applied to purchase the land in question, paid twenty per cent of the purchase price thereof, and in due time received the usual certificate of purchase.

In 1883 a judgment was obtained against Ashley, under which an execution issued, pursuant to which his interest in the land above specified was sold by the sheriff and purchased by the petitioner. There having been no redemption, Cerf, in due time, received a sheriff's deed of the premises, paid the residue of the purchase-money, presented a receipt showing such payment, together with his sheriff's deed, to the respondent, and demanded a deed, which was refused.

After petitioner received his sheriff's deed, Ashley assigned his certificate of purchase, but to whom does not appear, and no report of such assignment had been made to the respondent when the patent was demanded.

Upon these facts, the contention of the attorney-general is, that the respondent was not bound to deliver the patent to petitioner until the certificate of purchase, or a duplicate thereof issued in lieu thereof, was surrendered.

The Political Code was approved March 12, 1872, and took effect January 1, 1873.

Section 3519 of such code provided that upon final payment for any tract of state land, and "upon the surrender of the certificate of purchase by the person entitled to the same," a patent should be prepared, etc.

No provision was made for issuing a patent, except upon the surrender of the certificate of purchase.

Section 3518 of the same code provided that if a certificate of purchase was *lost or destroyed*, a duplicate might issue upon the proofs and notice specified therein, which duplicate should have the force and effect of the original.

In *Duncan* v. *Gardner*, 46 Cal. 25, this court held that the certificate must be surrendered before the register could be compelled to issue a patent, and that a writ of *mandamus* would not lie without an offer to surrender the certificate. The code made no provision for cases where the certificate, though not lost or destroyed, was yet beyond the reach or control of the owner.

Certificates of purchase and all rights acquired thereunder were subject to sale by deed or assignment duly executed. (Pol. Code, sec. 3515.)

On the twenty-seventh day of March, 1872, an act was approved, entitled "An act for the relief of the purchasers of state lands," by the second section of which it was provided that where lands had been sold by the state, and certificates of purchase issued upon part payment of the purchase-money, and such lands had been subsequently sold under execution, and a sheriff's deed issued therefor, the register of the state land-office was directed to issue to the grantee named in such deed, or his assignee, a patent for such lands, upon the production and surrender of the sheriff's deed and assignment, if any, and upon making full payment, etc.

The provisions of the Political Code are to be construed as having been passed on the first day of the session of the legislature of 1872, and the laws of that session are, where inconsistent with the codes, to prevail.

It follows that the act of March 27, 1872 (Stats. 1871–72, p. 587), became a law, whether consistent with the code or not. It applied to cases where the holder under a sheriff's deed, who could not usually present the certificate of purchase, and who, though holding the title of the original purchaser, could not procure a patent under the code of 1872.

In 1874 section 3518 of the Political Code was amended so as to permit the *owner* of a certificate of purchase, *lost, destroyed, or beyond his control,* to make proof thereof as provided in the section, and to procure a duplicate certificate. The amendment extended the right to receive a duplicate, to cases where, although not lost or destroyed, the certificate was *beyond the control* of the owner.

The amendment does not in terms repeal the act of March 27, 1872, but respondent contends that its effect is to repeal by necessary implication that act.

Repeal by implication is not favored, and it is only in cases of clear repugnancy that a repeal by implication occurs.

In *Ex parte Smith,* 40 Cal. 419, it was said: "An act of the legislature is repealed by a subsequent act, when it appears from the last act that it was intended to take the place of or repeal the former, and when the two acts are so inconsistent that effect cannot be given to both. That they are repugnant in principle merely forms no reason why both may not stand."

It was further said in the same case that " an exception is not repugnant to the general rule, or if it be, it is only to the extent of the exception."

The legislature of 1872 found a class of cases to which the general law, that the certificate of purchase must be presented to the register, could not well be applied; for those cases they provided that the sheriff's deed should stand in lieu of the certificate; thus creating an excep-

tion to the general rule, which specified the certificate as the only evidence upon which the patent could issue.

This legislation still left a class of cases unprovided for. As the exception only applied to sheriff's deeds, a party claiming under a tax deed, or by any other title than such sheriff's deed, and who could not aver that he was the owner of the certificate, and that it was lost or destroyed, and not having such certificate in his possession, was without remedy.

We may well suppose that the object of the amendment of 1874 to section 3518 was intended to apply to this class of cases.

At all events, we fail to detect any repugnancy in the law which provides generally for the evidence of ownership of state lands, which shall entitle parties to patents, and at the same time creates an exception under which different evidence shall suffice in a single class of cases.

We are of opinion that the act of March 27, 1872, was not repealed by the amendment of 1874 to section 3518 of the Political Code, and that it remains in full force and vigor.

The holder of the certificate of purchase is not a party to the proceeding, and his rights (if any he has) cannot be concluded by the effect of our action.

Let the writ be made peremptory, so as to require respondent to prepare a patent and certificate, as required by law, and submit the same to the governor, and upon such patent being signed by the latter, and duly attested and sealed, to countersign and deliver the same to petitioner Cerf.

McFARLAND, J., SHARPSTEIN, J., McKINSTRY, J., THORNTON, J., PATERSON, J., and TEMPLE, J., concurred.

Rehearing denied.