[No. 2963. Decided October 15, 1898.]

J. F. HART LUMBER COMPANY, *Appellant,* v. THE
EVERETT LAND COMPANY, *Respondent.*

LANDLORD AND TENANT — LEASE — PAYMENT FOR IMPROVEMENTS —
PLEADINGS — ALLEGATION OF VALUE.

A stipulation in a lease that on its expiration the lessor will pay to the lessee the actual value of any wharf or dock placed in the river in front of the demised premises, but will pay for no other improvements except the actual cost of making such dock or wharf, which shall be appraised by three persons, one appointed by each party, such two to select a third, contemplates payment of the value of the wharf at the expiration of the lease.

In an action by a lessee to enforce an agreement by the lessor to pay the value at the expiration of the lease of a wharf erected by him, an averment "that the actual cost of making such a wharf was $2,745, said sum being the value thereof as contemplated by said contract," is an insufficient allegation of value.

Appeal from Superior Court, Snohomish County.— Hon. FRANK T. REID, Judge. Affirmed.

*Black & Edwards,* for appellant:

It is quite evident that the parties to this contract used the terms "actual value" and "actual cost" as meaning the same thing. If the parties themselves thus used the phrases, and this is shown by the written contract, the meaning given these phrases by the parties must govern. *Consolidated Coal Co. v. Schneider,* 45 N. E. 126; *Childers v. First National Bank,* 46 N. E. 825; *Hale v. Sheehan,* 71 N. W. 1019; *Davis v. Creamery Co.,* 48 Neb. 471.

*Francis H. Brownell,* for respondent:

Either the parties to the lease meant that the land company was to pay for the "actual cost" of the wharf or else for its "actual value," not exceeding the cost,—two manifestly different liabilities. And if the parties so unfortunately worded their agreement that the true meaning is not apparent therefrom, then the agreement is void for uncertainty. It is the general rule that extrinsic evidence is not admissible to show a patent ambiguity. *Brandon v. Leddy,* 67 Cal. 43; *Griffith v. Furry,* 30 Ill. 251 (83 Am. Dec. 186); *Grimes' Exrs. v. Harmon,* 35 Ind. 198 (9 Am. Rep. 690); *Rood v. School District,* 1 Doug. 502.

Evidence tending to show that any stipulations had been made between the parties in addition to those expressed in the writing is improper. *Osburn v. Dolan,* 7 Wash. 62; *Gordon v. Parke & Lacy Mach. Co.,* 10 Wash. 21; *Barnes v. Packwood,* 10 Wash. 50; *Tacoma Mill Co. v. Sherwood,* 11 Wash. 492.

The opinion of the court was delivered by

SCOTT, C. J.—In December, 1891, the defendant leased to the plaintiff a piece of land on the west bank of the Snohomish river, for a certain stipulated rental, for the period of five years. The controversy in this action arises over the construction to be given the following clause, contained in the lease:

"At the expiration of the above mentioned term of five years the said first party shall pay to the said second party the actual value of any wharf or dock which said second party may have placed in the river in front of the hereby demised premises, it being understood and agreed that said first party is not to pay for any improvements which may have been made on said premises hereby demised west of the bank of said river, or for anything except the actual cost of making a dock or wharf in front of said premises, said appraisement to be made in the following manner: Each party to this agreement shall choose one

appraiser and in case said appraisers cannot agree, they two shall choose a third and his decision shall be final and conclusive."

Under that clause, the plaintiff claimed the right to recover either the cost of the wharf, in 1891, or the cost of a similar wharf, in 1896, at the expiration of the term. The defendant contended that there could be a recovery only for the actual value of the wharf at the expiration of the lease, not exceeding its cost. The action was brought to recover the cost of the wharf when constructed, and the complaint contained no allegation of its value at the expiration of the lease. A demurrer to the complaint having been sustained and judgment rendered thereon, the plaintiff has appealed. The clause in question is contradictory in first speaking of the value and next of the cost of the wharf; but we are of the opinion that the respondent's contention should prevail, for the lease provided that appraisers should be appointed, and evidently they were to determine the value of the wharf. Although the lease is inartificially drawn in this respect, as well as in the other, the reasonable construction is that they were to *appraise* the value, and not to *arbitrate* as to the cost of the wharf in case of a disagreement between the parties. In its reply brief, the appellant contends that the judgment was wrong in any event, for the reason that the complaint stated a cause of action for the value of the wharf at the expiration of the lease, relying upon paragraph 11, which states:

"  .   .   . that the actual cost of making such a wharf was twenty-seven hundred forty-five (2,745.00) dollars,   .   .   . said sum being the value thereof as contemplated by said contract."

But this was insufficient as an allegation of value, being qualified by the words "as contemplated by said con-

tract;" and the action was evidently brought and determined upon the theory that the plaintiff was entitled, and was seeking to recover, the cost. It apparently was not contended otherwise in the lower court, as the point was not even urged in the opening brief.

The judgment of the lower court is affirmed, but without prejudice to the bringing of another action for the value of the wharf at the expiration of the lease, not exceeding its cost.

DUNBAR, ANDERS and REAVIS, JJ., concur.