THE CONSOLIDATED MINING AND PROSPECTING COMPANY v. W. W. HUFF.

No. 11,789. (63 Pac. 442.)

1. JUDGMENTS—*Alternative or Conditional.* A judgment against a corporation which orders the defendant to issue certificates of stock to the plaintiff, and place them in the hands of the clerk of the court within a certain time after it shall have been served with a copy of the order, and which finds the value of the stock to be a certain sum, and further directs that, in default of the defendant's compliance with the order for the issuance and delivery of the certificates, the plaintiff have judgment for the value of the stock, is conditional in form and effect, and, as to the money award contained in it, should be vacated, and entered only upon proof of the defendant's non-compliance with the main order.

2. PLEADING—*Petition Construed.* An allegation in a petition to recover the value of shares of stock in a corporation, that the corporation stock "is divided into 100,000 shares, of the par value of one dollar each," does not tender an issue of fact as to the market value of the stock or any special value possessed by it.

Error from Cherokee district court; A. H. SKID-
MORE, judge.    Opinion filed January 5, 1901.    Modi-
fied.

*Blue & Glass*, for plaintiff in error.

*Sapp & Wilson*, and *S. E. Cheeseman*, for defendant
in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action brought by the
defendant in error against the plaintiff in error to
compel the issuance and delivery of certain shares of
stock in the defendant corporation, or in the alterna-
tive for their value.    Judgment was rendered for the
plaintiff in the words following :

"It is therefore considered, ordered, adjudged and
decreed by the court, that this plaintiff have issued and
delivered to him by the defendant herein, The Con-
solidated Mining and Prospecting Company, twenty-
four thousand shares of stock, of the par value of one
($1) dollar each, same being made payable to the
order of W. W. Huff, within ten days after a certified
copy of this decree is served by the sheriff of Chero-
kee county, Kansas, upon the present president and
secretary of the defendant corporation, The Consoli-
dated Mining and Prospecting Company.    Delivery
of said stock to plaintiff herein in compliance with
this order shall be made within the time required by
this order, by the defendant corporation depositing
with and in the hands of the clerk of this court said
twenty-four thousand shares of stock, to be by said
clerk of this court delivered to plaintiff or his attor-
neys of record ; and if compliance with this order be
made in manner aforesaid, then the subsequent part
of this decree to be null and void, and of no binding
force or effect ; but if the defendant corporation, The
Consolidated Mining and Prospecting Company, fail

Mining Co. v. Huff.

to comply with the terms of this order, as hereinbefore stated, that then, and in that event, plaintiff have and recover against the defendant, The Consolidated Mining and Prospecting Company, a judgment for the value of said stock, amounting to the sum of forty-eight hundred ($4800) dollars, with interest at six per cent. per annum from the 17th day of January, 1900, said judgment to be entered as of the date of January 17, 1900, with costs of suit, taxed at the sum of $——; and that execution issue therefor."

Error has been prosecuted to this court. Can a judgment conditional in form like the above be upheld? The defendant in error contends that the judgment is not conditional but is alternative in form, and that it was rightfully rendered and entered in such form, and in support of the contention he cites principally to judgments in replevin. Such kinds of judgments are allowable by statute in such kinds of cases, and they do not, therefore, constitute precedents for judgments the form and regularity of which depend upon general principles of practice. The view of the defendant in error as to the character of the judgment is incorrect. The judgment is not alternative—it is conditional. It first orders the issuance and delivery of the certificates of stock within a time stated. It then declares: "If compliance with this order be made in manner aforesaid, then the subsequent part of this decree to be null and void and of no binding force or effect." The subsequent part of the decree is: "If the defendant fail to comply with the terms of this order as hereinbefore stated, then, and in that event, plaintiff have and recover against the defendant a judgment for the value of said stock, amounting to the sum of $4800; said judgment to be entered as of the date of January 17, 1900." This money judgment is plainly conditional in existence

and effect on the failure of the defendant to comply with the previous order, and, as will be observed, a compliance with that order was to be evidenced by depositing the certificates of stock with the clerk. Such judgment, therefore, could have no operation or effect except in the contingency of the defendant's failure to deliver the certificates.

Now, in the language of the code, "a judgment is the final determination of the rights of the parties" (Gen. Stat. 1897, ch. 95, § 389; Gen. Stat. 1899, § 4659) ; and, as ruled by this court in *Brown v. Galena Mining & Smelting Co.*, 32 Kan. 528, 4 Pac. 1013 (although not in a case like the present one), "a final judgment is one which finally decides and disposes 'of the whole merits of the case, and reserves no further question or direction for the future or further action of the court." The judgment in question reserved further action either to the court or to' the clerk. Some one must be authorized to determine whether the defendant had complied with the precedent order of the court. The defendant could not be put in default of compliance with the order until a copy of such order was served upon it; and had a copy of the order been served upon it, questions might have arisen as to the regularity of the service, the correctness of the copy, and also as to whether compliance had been made with the order. Had the order been duly served, a question might have arisen between the defendant and the clerk into whose hands the certificates were to be placed as to whether the papers were of the character to which the plaintiff was entitled and which the court had ordered to be delivered ; and, in such event, if the order be valid, the clerk must be invested with the judicial power to determine the defendant's default, and not only to enter

but to render judgment against it, because, as will be observed, the above-quoted judgment for the value of the stock is not a judgment *in præsenti*, but is a direction to enter judgment *in futuro*, to wit, as of January 17, if the main order be not complied with, and it is in that respect an attempt to shift to the clerk the judicial powers of the court. It is impossible to sanction the conditional portion of this judgment.

Judgments must be certain. Their validity and binding force must rest upon facts existing at the time of their rendition. They cannot rest upon what may or may not occur after their rendition. They take their validity from the action of the court, and not from what persons may or may not do after the court has rendered them. The decisions of the courts of other states are to the effect of the one we make. "It is a general rule that judgments must not be conditioned upon any contingency, and it has been held that an alternative or conditional judgment is wholly void." (11 Encyc. Pl. & Pr. 964.) The case of *Strickland v. Cox*, 102 N. C. 411, 9 S. E. 414, is quite like the present one. In that case it was ruled:

" Where a judge granted a judgment for plaintiff in an action for the possession of land, to be stricken out if defendant filed a proper bond in thirty days after adjournment of court, the judgment was void."

It is perhaps not necessary to go to the extent of that case, and hold the conditional portion of the judgment void, but it certainly can be held irregular, and voidable upon direct attack. The case of *Farmer and Arnold v. Samuel, etc.*, 4 Litt. (Ky.) 187, is also quite similar to the present case. In that it was remarked:

" The impropriety of leaving a decree conditional, or to be enforced conditionally, and of leaving the

question whether the condition is or is not complied with to the parties themselves, or the clerk of the court, must be apparent to every reflecting mind. It was proper that the chancellor should compel the complainant to do equity, before he received it, by paying the money; but it was incumbent upon him to see it done. Who, in this instance, was to decide that the tender was sufficient, or that a payment was made? It was certainly improper to refer to the decision of the clerk the genuineness and validity of a receipt. In short, no decree but a positive one ought to be rendered, before the court dismisses the parties without day.''

There are, however, decisions which seem to lend countenance to conditional judgments, but they are the exceptional cases noted under the text above quoted from the Encyclopedia of Pleading and Practice. They are out of harmony with the prevailing view and contrary to sound reason. A case cited to us is *Telegraph Co. v. Davenport*, 97 U. S. 369, 24 L. Ed. 1047. It was a case in equity, in which the complainants, stockholders in a corporation, filed a bill to compel the company to cancel on its books an unauthorized transfer of their stock, and to reissue to them shareholders' certificates, or, upon failure of the company to do so, for a decree for the value of their stock. The court held that the complainants were entitled to a decree canceling the unauthorized transfer of the stock or to an alternative decree for its value. But what form these decrees took and at what time it was proper to enter the alternative decree was neither stated nor discussed.

We do not doubt that equity may entertain the complaint of a corporation shareholder for the transfer to him of the stock to which he is entitled and the issuance of certificates evidencing the fact, or in the alternative for the value of the stock, because equity

has power, as ancillary to its main jurisdiction, to award compensation in money. Hence, it would be proper in the present case to adjudge that the plaintiff have the stock to which he showed himself entitled, and, in failure of the company to issue it to him, that he have judgment for its value; but that judgment for its value should not be a judgment rendered by the court in advance of knowledge of the defendant's default of compliance with the main order, nor conditional upon the defendant's non-compliance with it, but such judgment should be rendered upon the fact of defendant's non-compliance with the order, duly proved and judicially found. To this end the court, as in all equity proceedings, having once acquired jurisdiction of the case, is entitled to retain it until just relief can be fully had.

Another claim of error is that the plaintiff's petition did not tender an issue as to the value of the stock, and therefore that the court could not rightfully enter upon an inquiry as to that matter. This claim we think is correct. The only allegation as to values contained in the petition was that the capital stock of the company was "divided into 100,000 shares, of the par value of one dollar each." This was not an allegation of either market value or special value.

Other claims of error are made, but, inasmuch as they may not again arise, we deem it unnecessary to give them consideration. It is ordered that the judgment of the court below be modified by vacating that portion of it which finds the value of the stock and which conditionally awards to the plaintiff its adjudged value, and that further, proceedings be had in accordance with the views expressed in this opinion.