[Civ. No. 556. First Appellate District.—March 11, 1909.]

C. E. KINARD, Appellant, v. WILLIAM H. JORDAN, FRANK A. HUNTINGTON, THOMAS W. NOWLIN, J. F. FASSETT, JOHN H. MILLER, ELIZABETH A. MAY, SOCRATES CONSOLIDATED MINING COMPANY, a Corporation, W. W. BROWNELL, M. E. CLOWE, BANK OF YOLO, a Corporation, DR. JAMES W. WARD, JOHN SMITH, GEORGE BURNETT, and JANE BURNETT, Respondents.

APPEAL—ORDER DISPOSING OF DEMURRER TO COMPLAINT—JUDGMENT OF DISMISSAL.—An order disposing of a demurrer to the complaint is not appealable; but the sufficiency of the complaint will be reviewed upon appeal from a judgment dismissing the action.

SPECIFIC PERFORMANCE—CONTRACT FOR PROCEEDS FROM CONVEYANCE OF MINE TO CORPORATION—SHARES OF STOCK—CONSTRUCTIVE TRUS-

TEES—PARTIES.—Under a complaint seeking specific performance of a contract to convey a mine, and pay one-eighth of the net price thereof to plaintiff's assignor, and alleging a sale and conveyance thereof to defendant corporation, and claiming one-eighth of its stock as the proper share of the proceeds of sale, and charging the corporation and all of its stockholders as constructive trustees, with full knowledge of plaintiff's rights, the defendants so charged are proper and necessary parties to the action.

ID.—CONTRACT TO PAY SHARE OF NET "PRICE" OF MINE.—Under a contract to pay an agreed share of the net "price" received for the mine, the assignee of the person entitled to any such share is entitled to a like proportion of the capital stock of a corporation for which the mine was sold and conveyed. "Price" does not necessarily mean value in money. It means some other equivalent.

ID.—QUESTION NOT DETERMINED.—The court does not determine the question whether plaintiff is entitled under the terms of the contract to one-eighth of the nominal capital stock of the corporation or only one-eighth of the total number of shares issued, that question not being vital in determining whether the complaint states a cause of action.

ID.—GENERAL DEMURRER TO COMPLAINT—CAUSE OF ACTION—UNCERTAINTY WAIVED.—Where the complaint states a cause of action against all of the defendants, and the demurrer was only general, any uncertainty in its averments is waived and cannot be ground for reversal.

ID.—ASSIGNMENT IMPLIEDLY AVERRED.—Though the assignment to the plaintiff by his assignor is not definitely averred, the implied averment by the description of him as "plaintiff's assignor" is sufficient as against a general demurrer.

ID.—VALUE OF STOCK NOT REQUIRED TO BE ALLEGED.—It was sufficient for the purposes of this action to allege the full amount of the capital stock of the corporation and how it was divided, and what number of shares were held by the defendant shareholders charged as constructive trustees, and it was not necessary to allege the value of the stock where there is nothing in the complaint to show that its value is trivial.

ID.—DEMURRER IMPROPERLY OVERRULED—ERRONEOUS ORDER TO AMEND COMPLAINT TO OMIT DEFENDANTS — ERROR IN DEMURRER NOT WAIVED.—The ruling of the court after improperly overruling the demurrer of all parties save one, in directing the plaintiff to amend his complaint by omitting all defendants save one, cannot be upheld; but even if the ruling had been complied with by the plaintiff, he would not thereby waive the erroneous ruling on the demurrer, nor his right to object thereto on appeal from the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard. Judge.

The facts are stated in the opinion of the court.

C. E. Kinard, Appellant *in pro. per.*

Crittenden Thornton, for Respondents.

KERRIGAN, J.—A demurrer to the complaint was sustained as to all the defendants except Huntington, without leave to amend, and as to him it was overruled, with the direction to the plaintiff to file a new engrossed and amended complaint against him alone. Plaintiff did not comply with this order within the time specified and extensions thereof. Whereupon the "complaint" (action) was dismissed as to all the defendants.

There are two notices of appeal in the transcript—one. from the order disposing of the demurrer, and the other from the judgment of dismissal. As the former seems unauthorized (Code Civ. Proc., sec. 963), we will consider only the latter.

. The complaint is full of redundant matter, and in many respects is unintelligible. An outline of the case, as we understand it, is as follows:

Defendant Huntington made a contract with Charles Bell and William S. Bell, by the terms of which he agreed to pay over to them one-quarter of the selling price of a certain mine or mining claim known as the Socrates quicksilver mine. He subsequently conveyed said mine to a corporation, in consideration of which the corporation issued one million shares of its capital stock of the par value of one dollar per share. About four hundred and fifty thousand of these shares were issued to certain of the defendants, it is alleged, in trust for Huntington, but with notice of the rights of plaintiff, as the assignee of Charles Bell, to receive one-eighth of the price of the mining claim. The object of this action is to recover this one-eighth in the form of one hundred and twenty-five thousand shares out of the aggre-

gate of about four hundred and fifty thousand shares issued to the defendants.

It is alleged in the complaint, to state the allegations briefly (after setting out various formal matters in paragraphs I to V inclusive), that on August 13, 1874, the United States issued its patent for a certain mining claim called the Socrates quicksilver mine "to Charles and William S. Bell and others." That one Alexander Warner claimed to own an interest in said mine, and that he agreed to sell it to Frank A. Huntington, one of the defendants herein, for the sum of $8,000, said Huntington also to pay to Charles Bell and William S. Bell a further sum of $8,000, and to expend $5,000 in developing said mine; that thereafter Warner conveyed to Huntington according to said contract all his interest in said mine, and received therefor the said sum of $8,000.

That thereafter the following agreement was entered into by Huntington and the two Bells:

"This agreement, made and entered into this 12th day of April, 1900, by and between Frank A. Huntington, of San Francisco, California, party of the first part, and William S. Bell and Charles Bell of the same place and State, parties of the second part;

"Witnesseth: That for and in consideration of the sum of Five Thousand Dollars (5,000), to be expended by the party of the first part, said amount to be expended on developing and improving the Socrates quicksilver mine, the parties of the second part hereby agree that in lieu of payment of the commission of eight thousand ($8,000) dollars provided to be paid in agreement of April 3, 1900, between Alexander Warner and F. A. Huntington direct to said parties, the said first parties agree to pay to said second parties one quarter (1/4) of the net profits of working the ores of said mine, and upon the sale of said mine one quarter of the net price received therefor."

That the two Bells accepted this agreement.

Then, after setting up an assignment by Charles Bell of his interest in said agreement to plaintiff, the allegations of the complaint proceed, that on September 17, 1903, certain of the defendants sold and transferred by a grant deed the said mining property to the defendant Socrates Consolidated Mining Company, a corporation, for a consideration "of one

million shares of the capital stock of said mining corporation of the par value of one dollar per share, or in round figures a total of one million dollars, as the purchase price of said mine''; that at the time of this transfer the mining company, through its officers, had actual knowledge of the contract last referred to of April 12, 1900, between Huntington, and of the right of plaintiff's assignor to receive one-eighth of the net price paid for said mine.

That said mining corporation has not issued, or offered to issue, any part of one hundred and twenty-five thousand shares (being one-eighth of the one million shares) of its capital stock to said Charles Bell or his assignee, nor paid anything of value, or any consideration equivalent to the value of the said one hundred and twenty-five thousand shares to said Charles Bell or to his assignee.

That the defendant mining corporation accepted the deed from said grantors, and recorded it twenty-two months thereafter; that the failure and neglect to record said deed was for the purpose of hiding from Charles Bell and plaintiff the sale and conveyance of the said mine, and that the said grantees had knowledge of the agreement between the Bells and Huntington above set forth.

That at the time of the issuance of said stock the defendant Huntington was entitled to a proportion thereof exceeding four ·hundred and fifty thousand shares; that certificates of said capital stock for four hundred and fifty thousand shares were issued some to each of the defendants (setting forth the number of shares to each); that all this stock was held in trust for Huntington; that they so hold as such trustees with knowledge of and subject to the claim of Charles Bell and his assigns to one-eighth of said purchase price.

Then follows an allegation of breach of the contract, and the prayer, which is as follows:

''Wherefore this plaintiff prays judgment against the defendants, and each of them,

''1st.    That it be adjudged and decreed that this plaintiff is entitled to be paid from defendants the amount of 125,000 · shares of the capital stock of the Socrates Consolidated Mining Company, a corporation, of the par value of $125,000.

''2nd.    That it be adjudged and decreed that each and all of the above named defendants are the trustees of this plaintiff to the amount of 125,000 shares of the capital stock of

the said Socrates Consolidated Mining Company; and that a proper order be made that each and all of the defendants herein mentioned transfer and deliver to this plaintiff the said amount of 125,000 shares of said capital stock of said Socrates Consolidated Mining Company, of the par value of $125,000.

"3rd. That it be ordered, adjudged and decreed that the defendants M. E. Clowe, and W. W. Brownell and the Bank of Yolo, a corporation, are co-owners in common in said agreement and contract set out in paragraph VIII of plaintiff's complaint herein. And that each and all of the defendants herein took said capital stock of the said Socrates Consolidated Mining Company with notice of the claim of the one-eighth of the capital stock of the assignor of this plaintiff; and that 125,000 shares of said capital stock is held in trust for this plaintiff."

To the complaint there was interposed this demurrer:

"That there is a misjoinder of parties defendant to the said amended complaint in this:

"(a) That the said William H. Jordan, Thomas W. Nowlin, J. F. Fassett, John H. Miller, Elizabeth A. May, Socrates Consolidated Mining Company, Bank of Yolo, W. W. Brownell, M. E. Clowe and F. A. Huntington are each and every one of them misjoined with each other, and each and every other party defendant to said action.

"That the said complaint does not state facts sufficient to constitute a cause of action against either or any or all of said defendants."

Apparently the action, as regards the defendant Huntington, is one to enforce the specific performance of his agreement to transfer to plaintiff, as assignee of Charles Bell, one hundred and twenty-five thousand shares of the capital stock of the Socrates Consolidated Mining Company, being one-eighth the price received for the Socrates quicksilver mine; and as regards the other defendants, to have it adjudged that their ownership of the shares of stock issued to them is subject to a constructive trust in favor of plaintiff.

The complaint is indefinite and uncertain in many particulars; but the only questions raised by the demurrer are, first, that there is a misjoinder of parties defendant, and second, the failure to state sufficient facts to constitute a cause of action.

1. As the complaint alleges that each of the defendants, other than Huntington, holds a specified number of shares as a trustee for Huntington, with notice of plaintiff's claim and rights under the contract, and subject to such claim and rights, it appears to us that under the cause of action attempted to be alleged making them constructive trustees of plaintiff, they are proper and necessary parties defendant.

2. Does the complaint state a cause of action?

(a) It may not be amiss to say, in passing, that under the contract of April 12th, by the terms of which Huntington is required to pay one-quarter of the net price received for the mine, the Bells or their assignees are entitled to their proportion of the capital stock for which the mine was sold, because "price" does not necessarily mean value in money. It may mean money or some other equivalent. (*Hudson Iron Co.* v. *Alger,* 54 N. Y. 173, 177; *Schrandt* v. *Young,* 62 Neb. 254, [86 N. W. 1085]; 6 Words and Phrases, 5547.) Furthermore, we do not desire to be understood as expressing any opinion as to whether the plaintiff is entitled under the terms of the contract of April 12th to one-eighth of four hundred and fifty thousand shares or one-eighth of one million shares of the capital stock of the said mining corporation.

(b) Defendants contend that the contract in controversy is a mere personal covenant, and that it does not bind the assignees of Huntington, the covenantor, because they are not named therein; that therefore the defendants named in the complaint as purchasers from Huntington, although with notice of the contract, are not liable thereon to anyone. If the plaintiff here were pursuing those defendants personally, it may be that this point would be held sound, but we do not understand that such is the case. The theory of the complaint, as already pointed out, seems to be that these defendants hold certain shares of stock, not as absolute owners, but as trustees for Huntington, and constructively for plaintiff.

(c) Defendants also assert that the complaint, while attempting to do so, does not effectively allege an assignment of the contract from Charles Bell to plaintiff. The allegation of the complaint covering this matter is certainly bad as to form, but it is apparent that it can be easily remedied, and as against a general demurrer we think the complaint is sufficient in this respect.

(d) Defendants further insist that the complaint should allege the actual or market value of the shares of the capital stock of the mining company. It is true that in alleging, as the complaint does, that the stock of the corporation was divided into one million shares of the par value of one dollar each, it does not allege the value of the stock. (*Consolidated Mining Co.* v. *Huff*, 62 Kan. 405, [63 Pac. 442]; *Hart Lumber Co.* v. *Everett L. Co.*, 20 Wash. 71, [54 Pac. 767]; *Plumb* v. *Griffin*, 74 Conn. 132, [50 Atl. 1].) And if this were an action to recover the value of the shares the contention of defendants would be correct. (*Consolidated Mining Co.* v. *Huff*, 62 Kan. 405, [63 Pac. 443].) But this is an action to compel defendants, alleged to be trustees under a constructive trust, to deliver to the plaintiff, the equitable owner thereof, one hundred and twenty-five thousand shares of the said corporate stock, and we know of no rule of pleading in such a case that requires the complaint to allege value. It may be that a general demurrer would lie to a complaint that showed affirmatively upon its face that the property involved is of trivial value, or too small in value to justify a court of equity in taking cognizance of it. (Story's Equity Pleading, sec. 500 et seq.) The complaint discloses no such infirmity.

(e) Part of the allegation of the complaint as to the breach of the contract is bad both in substance and in form, but disregarding that part the breach of the obligation of defendants to the plaintiff is sufficiently set forth therein elsewhere.

Finally, on the hearing of the demurrer to the amended complaint the trial court, as already observed, sustained the demurrer without leave to amend as to all the defendants except Huntington, and as to him the demurrer was overruled, but with a direction to the plaintiff to file a new complaint against Huntington; and no new complaint having been filed as directed, the cause was dismissed. Doubtless the object of this order was, as stated at the oral argument, to have the complaint stripped of the allegation attempting to allege a cause of action against the defendants other than Huntington. But if the plaintiff had complied with this order, he would have waived any objection he had to the ruling on the demurrer, and his right of appeal therefrom. No motion to strike out was made, and the order of the court in this regard cannot be upheld.

The complaint contains, as before stated, allegations of unnecessary matters, and in many respects is vague and indefinite; but we apprehend that it states facts sufficient as against all the defendants.

The judgment is therefore reversed.

Cooper, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 8, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 10, 1909.