[Civ. No. 2333. First Appellate District.—April 1, 1918.]

## In the Matter of the Proceedings for Disbarment of WILLIAM R. BIAGGI.

ATTORNEY AT LAW—DISBARMENT PROCEEDINGS—JUDGMENT—SPECIFICATION OF CHARGE UNNECESSARY—FINDINGS.—In a proceeding for the disbarment of an attorney, it is not necessary that the judgment of suspension should specify the particular charge or accusation upon which the disbarment is made, where the findings state specifically the particular charges upon which the judgment is predicated.

ID.—APPEAL—REVIEW OF FINDINGS.—While findings are not required in a proceeding for the disbarment of an attorney, they are not prohibited, and when present are properly a part of the record which the appellate court may review.

ID.—JUDGMENT—PERMANENT CONTINGENT DISBARMENT—VOID PROVISION.—A condition in an order suspending an attorney from practice for the period of five years, with the privilege of applying for reinstatement at the end of two years, that if at the end of the two year period it shall appear to the court that he had directly violated the order or had been guilty of any additional conduct involving moral turpitude he should be permanently disbarred, is void, as an attempt to prejudge and predetermine matters not before the court at the time of the making of the order.

ID.—ADVERTISING TO PROCURE DIVORCE.—An attorney at law who causes to be published in certain newspapers of general circulation an advertisement stating that divorce is one of his specialties is guilty of conduct contrary to and in violation of the provisions of section 159a of the Penal Code.

APPEAL from an order of the Superior Court of Santa Clara County suspending an attorney at law from practice. Curtis D. Wilbur, Judge Presiding.

The facts are stated in the opinion of the court.

J. P. Fitzgerald, for Appellant.

C. L. Witten, Clarence C. Coolidge, and L. D. Bohnett, for Respondent.

THE COURT.—This is an appeal from an order made by the trial court, after a trial and hearing, whereby it was adjudged and decreed "that William R. Biaggi, the respondent, be suspended from the practice of law for the period of five years. That at the end of two years respondent may apply to be reinstated, and that, if it be proved to the satisfaction of the court at that time that the respondent has fully and fairly complied wih the order of suspension and has not directly or indirectly, or by any subterfuge whatsoever, practiced or attempted to practice law, either by securing assignments of causes of action to himself, or in any other manner, then, in that event, that the respondent be restored to the roll of attorneys. On the other hand, at the end of two years, if it shall appear to the court that he has directly violated the order of court, or been guilty of any additional conduct involving moral turpitude, that, at that time, an order of permanent disbarment be entered by the court. In the event that the court is not satisfied by the showing made by the respondent at the end of two years, and does not permanently disbar the respondent, in accordance herewith, then, in that event, the order of suspension shall continue in force for the entire period of five years."

It is contended that in proceedings for suspension or disbarment the judgment or order should specify the particular charge or accusation upon which the attorney was disbarred or suspended. The rule contended for is applied chiefly to contempt proceedings where summary action has been taken without the formalities of accusation, answer, etc., and where the record consists of the order of suspension alone. (*In re Shortridge*, 5 Cal. App. 379, [90 Pac. 478]; *Ex parte Henshaw*, 73 Cal. 497, [15 Pac. 10]; *State* v. *Watkins*, 3 Mo. 480; *Crites* v. *State*, 74 Neb. 687, [105 N. W. 469].) It has been held that where the accusation in a disbarment proceeding charges certain facts which show conspiracy and prays that accused be found guilty and be disbarred, the final order of the court that the application of plaintiff shall be granted is a sufficient finding of the guilt

of the accused, the court saying that "there being but one charge, it is clear from the record that defendant was found guilty of that charge." (*State* v. *Howard*, 112 Iowa, 256, [83 N. W. 975].) The record before this court includes the accusation, answer, findings, and judgment. The findings state specifically the particular charges upon which the judgment in question is predicated, and while findings are not required in proceedings for disbarment (*Matter of Danford*, 157 Cal. 425, [108 Pac. 322]), they are not prohibited, and when present are properly a part of the record which this court may review. (*In re Wharton*, 114 Cal. 367, [55 Am. St. Rep. 72, 46 Pac. 172].)

It is urged that the judgment is conditional, and therefore void. The code defines a judgment to be "the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., sec. 577.) "If a judgment, though upon the merits or determining some substantial rights, leaves necessary further judicial action before the rights of the parties are settled it is not final." (1 Freeman on Judgments, 4th ed., sec. 16.) That part of the court's order which requires the respondent's disbarment at the end of two years, at another hearing, before another judge most probably, and upon other evidence of additional conduct involving moral turpitude, must be held to be an attempt to prejudge and predetermine matters not before the court at the time the present order was made. (*Consolidated Mining etc. Co.* v. *Huff*, 62 Kan. 405, [63 Pac. 442].) There is no difficulty, however, in separating the latter part of the court's order from the first part which decrees that William Biaggi be suspended from the practice of law for the period of five years with the privilege of applying for reinstatement at the end of two years. That decree is certain and meets all the requirements of a final judgment, and hence the latter part of the order, which is invalid, may be disregarded as surplusage. (*Philbrook* v. *Newman*, 85 Fed. 139.)

The trial court found on ample evidence that Biaggi appeared before the superior court of Santa Clara County as attorney in the matter of certain adoption proceedings and falsely stated to that court that the father of the minor child in question had never taken any interest whatever in said child; and that Biaggi did, at that time, "intentionally, willfully, knowingly, and fraudulently conceal" from the court

the fact that the father was then endeavoring in an action before another Department of the same court to obtain the custody of the child; and further, that from the month of October, 1911, up to February 22, 1916, Biaggi caused to be published in certain newspapers of general circulation an advertisement reading:

"ATTORNEYS"

"Wm. R. Biaggi      Divorce, Probate and Criminal Law my Specialties.      Notary Public.      Consultation Free. 426–27 Bank of San Jose Bldg.   Phone San Jose 1638."

The court properly held that appellant's conduct in thus advertising was contrary to and in violation of the provisions of section 159a of the Penal Code.

This disposes of all of the points worthy of discussion.

The judgment hereinbefore set forth shall be modified to read that William R. Biaggi, the respondent, be suspended from the practice of law for the period of five years. That at the end of two years respondent may apply to be reinstated. As so modified the judgment stands affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1918.