### S. M. PUETTE v. W. P. AND A. M. MULL.

(Filed 15 May, 1918.)

**Judgments—Default—Terms of Court—Orders—Clerk of Court.**

> A judgment by default for the want of an answer must be rendered in term; and where, in an action to recover land, the court enters an order that the clerk enter judgment for plaintiff, if the defendant does not answer and file justified defense bond within ten days after adjournment for the term, the judgment so entered after the term by the clerk is a nullity and unenforcible by writ of possession, though the judgment was duly signed in term and attached to the order.

ACTION pending in TRANSYLVANIA upon motion to enjoin the enforcement of a writ of possession before *Carter, J.,* at April Term, 1918.

The court held that the issuance of the writ was erroneous as there was no valid judgment to support it and set the writ aside and granted defendant leave to file defense bond and answer.

Plaintiff excepted and appealed.

*D. L. English for plaintiff.*
*No counsel for defendant.*

BROWN, J. This action was brought to recover possession of a tract of land. The summons was duly served and returned at July Term, 1917, at which time the complaint was filed, duly verified.

The plaintiff did not move for judgment at the return term and the cause was continued until the following term, November, 1917. At that time the plaintiff moved the court for judgment by default final for failure of the defendant to file answer or defense bond. At that term *Ferguson, J.,* entered the following order:

"It is ordered by the court that the defendants be and they are hereby allowed ten days from this date to file answer and justified defense bond, and in default the plaintiff is allowed judgment final by default, and the judgment hereto attached shall be and constitute such judgment by default final."

This order is dated 7 December, 1917, and attached to it is a judgment in the ordinary form by default final for failure to file an answer or defense bond, whereby the plaintiff is adjudged to be the owner of the land described in the complaint, and directing the issuing of a writ of possession. No answer or defense bond having been filed within the ten days from the adjournment of the court this judgment was duly docketed by the clerk on 24 December, 1917.

After that, on motion of the plaintiff, a writ of possession was issued. The cause came on to be heard before *Carter, J.,* upon a motion to enjoin the execution of the writ and to set the same aside. Upon the

PUETTE *v.* MULL.

hearing he adjudged that the writ of possession was improvidently issued; that no judgment had been duly entered and docketed during the regular term of the court, and that the docketing of the judgment on 24 December after the term expired was a nullity. His Honor set aside the writ of possession and directed that the defendants be permitted to file an answer and defense bond. The plaintiff excepted.

We are of opinion with his Honor that, according to the record, no judgment was rendered by *Judge Ferguson* during the term of the court, and that the docketing of the judgment on the 24th of December—three weeks after the term had ended—was a nullity.

We have often held that a judgment to be valid must be rendered during the regular term of the court and before it has been adjourned. In this case it is manifest that no judgment was rendered to become effective during the term of the court. The order made during the term was that the defendants should file an answer and defense bond within ten days after the term expired on 7 December, and if they failed to comply with that order, then, and then only, was the judgment to be docketed by the clerk and entered upon the minutes of the court. It is true, a judgment sufficient in form was drawn up and signed by the judge and attached to that order, but it did not go into effect and was not docketed during the term. The judge had no power to provide that the judgment should go into effect at some future date upon the failure to perform the condition named in the order.

Therefore, we are of opinion there was no valid judgment rendered and docketed during the term upon which a writ of possession could issue.

This case is the opposite from *Hopkins v. Bowers,* 111 N. C., 175. In that case the judge rendered and signed the judgment, but directed the clerk to strike it out if a bond were filed within five days after the court adjourned. This Court held that the condition was invalid and that the judgment was regular and would be enforced. In the case at bar the judge granted ten days within which to file the answer and bond, and provided that if they were not filed within that time, that then, and then only, the judgment was to be docketed and go into effect.

Affirmed.