## DODD et ux. v. DANIEL.

### No. 1681.

Court of Civil Appeals of Texas. Waco.

Dec. 19, 1935.

Geppert, Geppert & Victery, of Teague, and Clay Cotton, of Fort Worth, for appellants.

A. M. Blackmon, of Groesbeck, for appellee.

ALEXANDER, Justice.

H. J. Dodd and wife brought this suit against J. B. Daniel in trespass to try title to recover 240 acres of land in Leon county and to cancel a mineral deed theretofore executed and delivered by them to said defendant by which they conveyed to him one-half of the minerals in the land. They alleged, in substance, that in consideration for said deed the purchaser agreed to pay the sum of $240, which money was to be used to pay the balance of the original purchase money due the state and in securing the patent for the land from the state. They further alleged that the defendant had wholly failed to comply with his agreement and that by reason thereof they were entitled to cancellation of said deed. The defendant alleged that after the execution and delivery of the deed in question he learned that the plaintiffs had parted with the title to 100 acres of the land in question prior to the conveyance to him, and that thereafter he paid to the plaintiffs something over $100 in cash and reached a compromise agreement with them by which he was to pay them an additional sum of $70 in full settlement of the amount due by him for said conveyance. He further alleged that thereafter he sent them a check for the sum of $70, but for reasons beyond his control payment of the check was refused by the bank and same was returned unpaid. He asserted a willingness to pay said amount and alleged in his answer that same was tendered into court, but there is nothing to show that the tender was actually made.

Upon a trial before the court without a jury judgment was rendered for the defendant. The plaintiffs appealed.

The judgment appealed from recites that the court found that after the execution and delivery of the deed the parties reached a compromise agreement substantially as alleged by defendant and for this reason the court denied plaintiffs the right to cancel said deed and to recover the land. However, said judgment contained further provisions as follows: "But this judgment to be conditioned upon, and to take effect only, of the payment into the registry of this court by the defendant, J. B. Daniels, of the sum of $70.00, the amount for which check was issued payable to the plaintiffs upon final settlement with them, and which said check was not cashed by the plaintiffs, and the Clerk of the court will pay the said sum of money to the plaintiffs upon their giving him their receipt therefor, less such sum of money as may be due by the plaintiffs for costs of this suit." It is a well-established principle of law that a judgment, in order to be appealable, must be final. 3 Tex.Jur. 104. It is also well settled that a judgment is not final unless and until it finally and

conclusively disposes of all of the issues in the case. 3 Tex.Jur. 118; 25 Tex.Jur. 369. A judgment that is to become effective only upon the happening of some future event or contingency is, ordinarily, not a final judgment. 25 Tex.Jur. 457; 33 C.J. 1196; Linn v. Arambould, 55 Tex. 611; Patton v. Mitchell (Tex.Civ.App.) 13 S.W.(2d) 146; Freeman on Judgments (5th Ed.) vol. 1, p. 66, § 40; Jones' Administrator v. Craig, 127 U.S. 213, 215, 8 S. Ct. 1175, 32 L.Ed. 147; Abbott v. Sanders, 83 Vt. 165, 74 A. 1058; Consolidated Mining & Prospecting Co. v. Huff, 62 Kan. 405, 63 P. 442; Puette v. Mull, 175 N.C. 535, 95 S.E. 881. The judgment here sought to be appealed from by its own terms is to become effective only in the event the defendant pays a certain sum of money into the registry of the court. No time limit is fixed within which the payment must be made, no provision is made for ascertaining in the future whether or not such payment has been made, and no disposition is made of plaintiff's cause of action in the event the defendant fails to make the payment. The purported decree is not a final judgment, is not appealable, and therefore this court does not have jurisdiction over the controversy. The appeal will be dismissed.

In view of another trial, we deem it advisable to discuss certain matters presented in the briefs in this court.

The appellants here contend that the property sought to be conveyed by the deed in question was their homestead; that under the undisputed evidence the defendant failed to pay the agreed consideration of $240; and that the purported compromise agreement, if any was ever had, was had between the defendant and H. J. Dodd and that Mrs. Dodd was not a party to said agreement and that by reason thereof she is not bound by the compromise agreement.

█ In the first place, we suggest that it is very doubtful whether or not the pleadings in this case are sufficient to raise the issue of homestead. See, in this connection, Plough, Inc., v. Moore (Tex.Civ. App.) 56 S.W.(2d) 681. In the event the property was the homestead of Dodd and wife and the defendant agreed to pay $240 for said conveyance, we do not think that the defendant could change the terms of said contract by an agreement with the husband alone and without the consent of the wife. See, in this connection, Cole v. Bammel, 62 Tex. 108.

For the reasons hereinabove mentioned, the appeal is dismissed.