## WRATHER v. WRATHER.

### Nos. 5881, 5886.

Court of Civil Appeals of Texas. Texarkana.

Sept. 25, 1941.

Rehearing Denied Oct. 16, 1941.

Hurst, Leak & Burke, of Longview, for appellant.

Fred Erisman and Mike Anglin, both of Longview, for appellee.

JOHNSON, Chief Justice.

This is a child custody case. On September 14, 1937, in cause No. 10425–B, styled Irene Wrather, Plaintiff, v. John E. Wrather, Defendant, in the 124th District Court of Gregg County, a judgment was entered granting plaintiff a divorce; a partition of their community property was decreed; the care and custody of their minor child, John McDonald Wrather, was awarded to the mother for certain periods of time and to the father for certain periods of time during each year. No appeal was taken from the judgment. On May 31, 1939, upon hearing of a motion of John E. Wrather and answer of Mrs. Irene Wrather, the court modified the previous decree as to the custody of the child, changing the periods of time during which he should remain in the custody of his parents respectively. This decree expressly ordered that the child be not removed from the State of Texas without permission of the court, except for medical treatment in the State of Louisiana. On September 15, 1939, upon hearing of a motion of John E. Wrather and answer of Mrs. Irene Wrather, the court entered another judgment modifying the one last entered as to the care and custody of the child, changing the divisions of time, naming more in detail the particular days and hours thereof that the custody of the child should be passed and repassed between the parents. On September 6, 1940, John E. Wrather filed another motion, praying that the judgment of September 15, 1939, be set aside and changed to the extent of granting him the full custody of the child, based upon the alleged grounds that Mrs. Irene Wrather had on or about June 1, 1940, removed the child from the State of Texas into the State of Washington; and that Mrs. Irene Wrather had, in violation of the provisions of the judgment of September 15, 1939, failed to deliver the child to his father; and that the father had been compelled to regain possession of the child in the State of Washington by writ of habeas corpus. To this petition or motion Mrs. Irene Wrather filed an answer, and a cross action as next friend of the child, in which she, among other facts, alleged in substance that John E. Wrather since the granting of the divorce had married one Mrs. Nell Uttinger who had a child by her former husband from whom she was divorced, which child was about the age of John McDonald Wrather, and was being reared in the home of John E. Wrather and his present wife, Mrs. Nell Uttinger Wrather, and other facts upon which she claimed that it was not to the best interest of the child John McDonald Wrather to be taken from the custody of his mother and placed in the home of his father and step-mother. On September 21, 1940, a hearing was had upon said petition, answer and cross action, and on November 2, 1940, judgment was entered modifying the judgment entered September 15, 1939. The modification consists of a redivision of the time during which the child should be in the care of each parent, expressing more in detail the day and hours thereof during which his custody should alternate between them. Among other things, the judgment further provides as follows: Paragraph 17. "It is the further order, judgment and decree of the Court that the parties hereto must forthwith and immediately, before undertaking to exercise any of the rights or privileges extended herein, enter into a bond in the sum of $5,000.00 payable to the other party herein, with good and sufficient sureties approved by the Clerk of the District Court of Gregg County, Texas, embodying this judgment, conditioned that such person as principal will strictly obey the orders, judgments and decrees of this Court, and will not remove the said John McDonald Wrather from the jurisdiction of this Court, under the penalty of forfeiting to said adverse party the full sum of $5,000.00 as provided herein."

· Both parties excepted to the judgment and gave notice of appeal. The appeal was perfected by John E. Wrather and took No. 5881 on the docket of this court. On December 11, 1940, Mrs. Irene Wrather, for herself and as next friend of the minor child, filed a petition in the trial court alleging in substance that notwithstanding she had made effort to do so, she was unable to make the $5,000 bond conditioned as required in paragraph 17, above copied; that though it was found and decreed in said judgment that it was to the best interest of the child to be in the care and custody of his mother during the periods of time of each year as therein expressed, the child was being denied such benefits because of the inability of his mother to make

such a bond. The petition attacked the validity of said paragraph 17, and prayed that it be stricken from the judgment; or, in the alternative, that it be modified in such manner that Mrs. Irene Wrather could comply with its terms. Upon a hearing had December 21, 1940, exceptions were sustained to said petition and the cause dismissed, upon the grounds that it alleged no new fact conditions arising after rendition of the judgment so sought to be modified, and because an appeal had been perfected from such judgment. Mrs. Irene Wrather perfected an appeal from the judgment of the court dismissing said cause. This appeal took No. 5886 on the docket of this court. Said causes, No. 5881 and No. 5886, were consolidated for convenience of submission and review of this court.

 In cause No. 5881 both John E. Wrather, the appellant, and Mrs. Irene Wrather, the appellee, attacked the validity of the judgment entered November 2, 1940, because of the provisions of paragraph 17 therein contained. Generally the matter of awarding the custody of a child in a divorce suit is addressed to the sound discretion of the trial court, with the view of securing the best interest of the child, and such judgment will not be disturbed, unless abuse of discretion is shown. But the provisions of paragraph 17 are not a judgment or decree awarding custody of a child. It is an attempt to promulgate a remedy, in addition to the remedies provided by law, for enforcement of the judgment awarding custody of a child; and decreeing that the judgment is not to become effective until such conditions are complied with. We do not think that the remedy as set up in the provisions of paragraph 17 for enforcement of the judgment awarding custody of the child can be sustained. The exercise of such a remedy, on breach of conditions of the bond, would be dependent upon the uncertainty of cooperation with the court by the adverse party to whom the bond is made payable. Another criticism to which the decree is susceptible is that the taking effect of the judgment awarding custody of the child is made dependent upon the future execution of said bonds. No disposition is made of the custody of the child in the judgment should the parties fail to execute the bonds. "A judgment that is to become effective only upon the happening of some future event or contingency is, ordinarily, not a final judgment." Dodd v. Daniel, Tex.Civ.App., 89 S.W.2d 494, 495. To be appealable, a judgment must be final. 3 T.J. 104. Since the purported judgment entered November 2, 1940 (the appeal from which being herein referred to as cause No. 5881) is not a final judgment, and therefore not appealable, this court is without jurisdiction over the controversy, and the appeal must be dismissed. Dodd v. Daniel, supra.

 Cause No. 5886 is an appeal from a judgment dismissing Mrs. Irene Wrather's suit seeking relief from the judgment in cause No. 5881. The judgment in cause No. 5881 not being a final judgment, the trial court erred in holding that he was without power to grant Mrs. Irene Wrather relief from its provisions. 25 T.J. 549, Secs. 153, 156. Therefore, the judgment dismissing said suit will be reversed and the cause remanded.

 In view of another trial it is deemed proper to make the following observations with respect to matters raised in the record. The pleadings and evidence on the part of John E. Wrather in attempting to gain full and complete custody of the child are insufficient. No unworthiness on the part of the mother to have custody of the child is shown. The removal of the child from the State by his mother is not such an act as would deprive her of his future custody. Evans v. Taylor, Tex. Civ.App., 128 S.W.2d 77. On the other hand, the pleadings and evidence on the part of Mrs. Irene Wrather bring the case clearly within the holding, awarding custody of the child to the mother, announced in Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426.

The appeal in cause No. 5881 is dismissed; and the judgment in cause No. 5886 is reversed and the cause remanded.