## ABELL v. ABELL.
### No. 6194.

Court of Civil Appeals of Texas. Amarillo.
Dec. 17, 1951.

Rehearing Denied Jan. 14, 1952.

Sanders, Scott, Saunders & Smith, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellee

MARTIN, Justice.

On September 19, 1951, appellant filed her motion for permission to file a supplemental transcript although the statutory period of time for filing such transcript had elapsed. This motion was passed to be considered at the time the merits of the case were reviewed. The original transcript, duly filed, is sufficient to clarify the issues on appeal and appellant's motion is accordingly overruled.

Appellee, Wallace Abell, sued appellant, Marie Sanders Abell, in the District Court of Hansford County, Texas, seeking a divorce, division of property and custody of a minor daughter, Pamela Sharon Abell. Appellant answered in the cause and also filed a cross-petition for divorce, division of property, custody of the minor daughter, child support and attorneys' fees. The cause was tried before a jury and by stipulation of the parties no issues as to property rights were submitted to the jury. The court submitted issues to the jury as to divorce and as to the custody of the minor daughter, Pamela Sharon Abell. The jury answers were favorable to the appellee, Wallace Abell.

Upon the return of the jury verdict, the trial court entered what purports to be a final judgment in the cause in which Wallace Abell was decreed a divorce, full custody of Pamela Sharon Abell and a division of community property. Appellant's only point material to this appeal is that the judgment is not final in that the same is a conditional judgment. Appellee's counterpoint one is that if the judgment appealed from be not a final judgment the appeal must be dismissed. No statement of facts was brought up on the appeal.

In seeking to divide the property of the parties, the court awarded certain property in Texas to appellee and, by way of adjustment of an unequal division as to this property, awarded appellant the sum of $10,826.93 to be paid in cash by the appellee. The trial court also awarded appellant the sum of $3000.00 as attorneys' fees. Certain lots and a home in California show of record in California in the name of Marie Sanders Abell. The trial court found this to be community property. In attempting to reach this property in the name of Marie Sanders Abell, the court provided as follows in the judgment: "* * * Marie Sanders Abell, be and she is, directed and commanded forthwith to execute such conveyance or other instrument as may reasonably be required to evidence of record in the deed records and other records of Los Angeles County, California, that the true ownership of said properties, real and personal, is not in the defendant, Marie

Sanders Abell, alone, but in the plaintiff, Wallace Abell, and the defendant, Marie Sanders Abell, together, each of them owning the one-half part; and the provision hereinafter made for the payment of certain moneys by plaintiff, Wallace Abell, to defendant, Marie Sanders Abell, and her attorneys is expressly conditioned that such deed or other instrument required by this part of this decree shall first have been executed and acknowledged by defendant, Marie Sanders Abell, in such form as to permit the same to be recorded and as to evidence that said California property is owned in the proportions here decreed."

As to the payment of the $10,826.93 due appellant out of the division of community properties in Texas, the court further provided: "Likewise the obligation of plaintiff to make such monetary payment to defendant, shall not exist until defendant has executed the conveyance or other instrument with respect to the California property prescribed by the preceding paragraphs of this decree, and no execution shall issue nor shall the payment here provided bear interest until after said conveyance or other instrument shall have been duly executed."

In the event appellant refuses to execute the instrument concerning title to the California property, there is no provision in the judgment for a final division of the property, payment of the attorneys' fee decreed by the court, or for the issuance of an execution, other than for costs.

■■ Under the conditional provisions of the judgment as above outlined, there is no final judgment in the cause and the appeal is dismissed. 4 C.J.S., Appeal and Error, § 96, p. 193, " * * * the general rule is that a conditional judgment, order, or decree, the finality of which depends upon certain contingencies which may or may not occur, is not final for the purpose of appeal". Dodd v. Daniels, Tex.Civ.App., 89 S.W.2d 494; Wrather v. Wrather, Tex. Civ.App., 154 S.W.2d 955; Echols v. Echol's, Tex.Civ.App., 168 S.W.2d 282; Stratton v. Dewey, Tex., 79 F. 32; Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377.